FILED
2017 Oct-17  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT A

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47<br><br>Date of Filing:<br>09/12/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
CHARLENE F. DELORENZO v. WAL-MART STORES, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

TIM003

9/12/2017 12:02:47 PM
Date

/s/ MICHAEL KENAN TIMBERLAKE
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| CHARLENE F. DELORENZO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., | ) |
| DEAN FOODS COMPANY, INC., | ) |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) |
| PURITY DAIRIES, and DEAN | ) |
| TRANSPORTATION, INC., | ) |

CV-2017- _____

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word entity as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.

Fictitious defendant A, being the correct name of the entity identified as Wal-Mart Stores, Inc.;

Fictitious defendant B, being the correct name of the entity identified as Dean Foods Company, Inc.;

Fictitious defendant C, being the correct name of the entity identified as Dean Dairy Holdings, LLC; and

Fictitious defendant D, being the correct name of the entity identified as Dean Transportation, Inc.;

Fictitious defendants E, F, G being the correct legal name of the individual, corporation(s), or other entity that owned and/or operated, a business located at 8650 Madison Boulevard, Madison County, Madison, Alabama 35758, on the occasion described herein;

Fictitious defendants H, I, J being that individual, corporation(s), or other entity responsible for inspection, maintenance, and/or repair of the premises located at 8650 Madison Boulevard, Madison County, Madison, Alabama 35758 on the occasion described herein;

Fictitious defendants K, L, M being the individual, corporation(s), or other entity that created the dangerous condition present where Plaintiff was caused to be injured on the occasion described herein;

Fictitious defendants N, O, P being the individual, corporation(s), or other entity responsible for the incident made the basis of this suit on the occasion described herein; and

Fictitious defendants Q, R, and S being that or those individuals, corporation(s), or other entity that employed, retained, or were legally responsible for the conduct of defendants N through P on the occasion described herein;

    )

*Defendants.*    )

## COMPLAINT

1.    Plaintiff Charlene F. DeLorenzo is an adult resident of Madison County, Alabama.

2.    Defendant Wal-Mart Stores, Inc., ("Wal-Mart") is a Delaware corporation conducting business at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, and may be served with process via its registered agent, C T Corporation System, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

3.    Defendant Dean Foods Company, Inc. ("Dean Foods") is a Michigan corporation conducting business in the State of Alabama, and may be served with process via its registered agents, Fred S. Ball, Jr. and Richard A. Ball, at 200 South Lawrence Street, Montgomery, Alabama 36104.

4.    Upon information and belief, at all times pertinent hereto, Dean Foods was a food and beverage company producing goods, such as refrigerated and frozen foods, and distributing said inventory and/or providing services to the Wal-Mart retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758.

5.    Defendant Dean Dairy Holdings, LLC, is a Delaware limited liability company doing business as Purity Dairies ("Purity Dairies") and conducting such business in the State of Alabama, and may be served with process via its registered agent, C T Corporation System, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

6.    Upon information and belief, at all times pertinent hereto, Purity Dairies was a food and beverage company producing goods, such as refrigerated and frozen foods, and distributing said inventory and/or providing services to the Wal-Mart retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758.

7.    Defendant Dean Transportation, Inc. ("Dean Transportation") is an Ohio corporation conducting business in the State of Alabama, and may be served with process via its registered agent, C T Corporation System, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

8.    Upon information and belief, at all times pertinent hereto, Dean Transportation was transport company delivering inventory and/or providing services to the Wal-Mart retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758.

9.    The true names and identities of the other named defendants are unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9(h) of the *Alabama Rules of Civil Procedure* when the true names and identities are ascertained.

10.    The incident complained of herein occurred in Madison County, Alabama and the amount in controversy exceeds $10,000.00.

## COUNT ONE
## WAL-MART - NEGLIGENCE

11.    On or about July 14, 2016, Wal-Mart, as a retail store open to the public, owed Charlene F. DeLorenzo a duty to exercise reasonable care and diligence to keep its premises in a reasonably safe condition and to warn of known dangers or dangers that should have been known.

12.    On or about July 14, 2016, Wal-Mart breached its duty and/or acted negligently by failing to properly maintain the premises of said property, by failing to properly maintain the premises of its retail facility and by failing to warn of known dangers or dangers that should have been known.   Specifically, Wal-Mart breached its duty by causing or allowing water to accumulate at or near one of its refrigerated/freezer display cases and/or aisles.

3

13.    As a direct and proximate result of Wal-Mart's negligence, Charlene F. DeLorenzo was caused to slip and fall to the floor thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

14.    Charlene F. DeLorenzo is entitled to compensation from Wal-Mart for:

a)    Medical expenses;
b)    Pain and suffering on account of personal injury;
c)    Mental anguish on account of personal injury;
d)    Permanent injuries;
e)    Disfigurement;
f)    Loss of earnings; and
g)    Loss of earning capacity.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

## COUNT TWO
## WAL-MART - WANTON CONDUCT

15.    Plaintiff adopts and re-alleges paragraphs one through fourteen as if set forth in full herein.

16.    On or about July 14, 2016, Wal-Mart, as a retail store open to the public, owed Charlene F. DeLorenzo a duty to exercise reasonable care and diligence to keep its premises in a reasonably safe condition and to warn of known dangers or dangers that should have been known.

17.    On or about July 14, 2016, Wal-Mart breached its duty and/or acted wantonly and/or recklessly by failing to properly maintain the premises of said property, by failing to properly maintain the premises of its retail facility and by failing to warn of known dangers or dangers that should have been known.  Specifically, Wal-Mart breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles.

18.    As a direct and proximate result of Wal-Mart's wantonness, Charlene F. DeLorenzo was caused to slip and fall to the floor thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

19.    Charlene F. DeLorenzo is entitled to compensation from Wal-Mart for:

   a)    Medical expenses;
   b)    Pain and suffering on account of personal injury;
   c)    Mental anguish on account of personal injury;
   d)    Permanent injuries;
   e)    Disfigurement;
   f)    Loss of earnings; and
   g)    Loss of earning capacity.

20.    Charlene F. DeLorenzo is entitled to punitive damages.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action.

## COUNT THREE
## DEAN FOODS – NEGLIGENCE

21.    Plaintiff adopts and re-alleges paragraphs one through twenty as if set forth in full herein.

22.    Upon information and belief, at all times pertinent hereto, Defendant Dean Foods, as a vendor/supplier to Wal-Mart of inventory, had a duty to exercise reasonable care and diligence to ensure that services and work were performed for Wal-Mart in such a way as to not endanger the safety of patrons of the retail store.

23.    As a vendor in control of supplying Wal-Mart with goods and services, Dean Foods acted negligently by not properly assuring all goods were provided and services were performed in a reasonably safe condition and by failing to warn patrons of Wal-Mart of known dangers or dangers that should have been known.  Specifically, Dean Foods breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles of the Wal-Mart identified in Paragraph Number Two.

24.    As a direct and proximate result of Dean Food's negligence, Charlene F. DeLorenzo was caused to slip and fall to the floor at Wal-Mart, thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

25.    Charlene F. DeLorenzo is entitled to compensation from Dean Foods for:

   a)    Medical expenses;
   b)    Pain and suffering on account of personal injury;
   c)    Mental anguish on account of personal injury;

d)     Permanent injuries;
e)     Disfigurement;
f)     Loss of earnings; and
g)     Loss of earning capacity.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

## COUNT FOUR
## DEAN FOODS - WANTON CONDUCT

26.     Plaintiff adopts and re-alleges paragraphs one through twenty-five as if set forth in full herein.

27.     Upon information and belief, at all times pertinent hereto, Defendant Dean Foods, as a vendor/supplier of Wal-Mart, had a duty to exercise reasonable care and diligence to ensure that the services and work were performed in such a way as to not endanger the safety of patrons of the retail store.

28.     As a vendor in control of supplying Wal-Mart with goods and services, Dean Foods acted wantonly by not properly assuring all goods were provided and services were performed in a reasonably safe condition and by failing to warn patrons of Wal-Mart of known dangers or dangers that should have been known. Specifically, Dean Foods breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles of the Wal-Mart identified in Paragraph Number Two.

29.     On or about July 14, 2016, Dean Foods, as a vendor/supplier doing business for Wal-Mart, breached its duty with a reckless and/or conscious disregard of the rights and safety of others as set forth in § 6-11-20(a)(3), Ala. Code 1975.

30.     As a direct and proximate result of Dean Food's wantonness, Charlene F. DeLorenzo was caused to slip and fall to the floor thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

31.     Charlene F. DeLorenzo is entitled to compensation from Dean Foods for:

a)     Medical expenses;
b)     Pain and suffering on account of personal injury;
c)     Mental anguish on account of personal injury;
d)     Permanent injuries;
e)     Disfigurement;

6

> f)   Loss of earnings; and
> g)   Loss of earning capacity.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

## COUNT FIVE
### PURITY DAIRIES - NEGLIGENCE

32.   Plaintiff adopts and re-alleges paragraphs one through thirty-one as if set forth in full herein.

33.   Upon information and belief, at all times pertinent hereto, Defendant Purity Dairies, as a vendor/supplier to Wal-Mart of inventory, had a duty to exercise reasonable care and diligence to ensure that services and work were performed for Wal-Mart in such a way as to not endanger the safety of patrons of the retail store.

34.   As a vendor in control of supplying Wal-Mart with goods and services, Purity Dairies acted negligently by not properly assuring all goods were provided and services were performed in a reasonably safe condition and by failing to warn patrons of Wal-Mart of known dangers or dangers that should have been known.   Specifically, Purity Dairies breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles of the Wal-Mart identified in Paragraph Number Two.

35.   As a direct and proximate result of Purity Dairies' negligence, Charlene F. DeLorenzo was caused to slip and fall to the floor at Wal-Mart thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

36.   Charlene F. DeLorenzo is entitled to compensation from Purity Dairies for:

> a)   Medical expenses;
> b)   Pain and suffering on account of personal injury;
> c)   Mental anguish on account of personal injury;
> d)   Permanent injuries;
> e)   Disfigurement;
> f)   Loss of earnings; and
> g)   Loss of earning capacity.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

## COUNT SIX
## PURITY DAIRIES – WANTON CONDUCT

37.     Plaintiff adopts and re-alleges paragraphs one through thirty-six as if set forth in full herein.

38.     Upon information and belief, at all times pertinent hereto, Defendant Purity Dairies, as a vendor/supplier to Wal-Mart of inventory, had a duty to exercise reasonable care and diligence to ensure that the services and work were performed in such a way as to not endanger the safety of patrons of the retail store.

39.     As a vendor in control of supplying Wal-Mart with goods and services, Purity Dairies acted wantonly by not properly assuring all goods were provided and services were performed in a reasonably safe condition and by failing to warn patrons of Wal-Mart of known dangers or dangers that should have been known.  Specifically, Purity Dairies breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles of the Wal-Mart identified in Paragraph Number Two.

40.     On or about July 14, 2016, Purity Dairies, as a vendor/supplier doing business for Wal-Mart, breached its duty with a reckless and/or conscious disregard of the rights and safety of others as set forth in § 6-11-20(a)(3), Ala. Code 1975.

41.     As a direct and proximate result of Purity Dairies' wantonness, Charlene F. DeLorenzo was caused to slip and fall to the floor thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

42.     Charlene F. DeLorenzo is entitled to compensation from Purity Dairies for:
   a)     Medical expenses;
   b)     Pain and suffering on account of personal injury;
   c)     Mental anguish on account of personal injury;
   d)     Permanent injuries;
   e)     Disfigurement;
   f)     Loss of earnings; and
   g)     Loss of earning capacity.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

8

## COUNT SEVEN
## DEAN TRANSPORTATION – NEGLIGENCE

43. Plaintiff adopts and re-alleges paragraphs one through forty-two as if set forth in full herein.

44. Upon information and belief, at all times pertinent hereto, Defendant Dean Transportation, as a vendor/supplier to Wal-Mart of inventory, had a duty to exercise reasonable care and diligence to ensure that services and work were performed for Wal-Mart in such a way as to not endanger the safety of patrons of the retail store.

45. As a vendor in control of supplying Wal-Mart with goods and services, Dean Transportation acted negligently by not properly assuring all services were performed in a reasonably safe condition and by failing to warn patrons of Wal-Mart of known dangers or dangers that should have been known. Specifically, Dean Transportation breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles of the Wal-Mart identified in Paragraph Number Two.

46. As a direct and proximate result of Dean Transportation's negligence, Charlene F. DeLorenzo was caused to slip and fall to the floor at Wal-Mart thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

47. Charlene F. DeLorenzo is entitled to compensation from Dean Food for:

       a)    Medical expenses;
       b)    Pain and suffering on account of personal injury;
       c)    Mental anguish on account of personal injury;
       d)    Permanent injuries;
       e)    Disfigurement;
       f)    Loss of earnings; and
       g)    Loss of earning capacity.

48. WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

## COUNT EIGHT
## DEAN TRANSPORTATION - WANTON CONDUCT

49. Plaintiff adopts and re-alleges paragraphs one through forty-eight as if set forth in full herein.

50. Upon information and belief, at all times pertinent hereto, Defendant Dean Transportation was a vendor of Wal-Mart transporting products such as refrigerated and frozen

9

goods and had a duty to exercise reasonable care and diligence to ensure that the services and work were performed in such a way as to not endanger the safety of patrons of the retail store.

51.     As a vendor in control of transporting goods and performing services at Wal-Mart, Dean Transportation acted wantonly by not properly assuring all goods were provided and services were performed in a reasonably safe condition and by failing to warn patrons of Wal-Mart of known dangers or dangers that should have been known.   Specifically, Dean Transportation breached its duty by causing or allowing water to accumulate at or near one of the refrigerated/freezer display cases and/or aisles of the Wal-Mart identified in Paragraph Number Two.

52.     On or about July 14, 2016, Dean Transportation, as a vendor performing business for Wal-Mart, breached its duty with a reckless and/or conscious disregard of the rights and safety of others as set forth in § 6-11-20(a)(3), Ala. Code 1975.

53.     As a direct and proximate result of Dean Transportation's wantonness, Charlene F. DeLorenzo was caused to slip and fall to the floor thereby suffering serious bodily injury, including but not limited to injury to her legs, hips, buttocks, and back.

54.     Charlene F. DeLorenzo is entitled to compensation from Dean Transportation for:
   a)      Medical expenses;
   b)      Pain and suffering on account of personal injury;
   c)      Mental anguish on account of personal injury;
   d)      Permanent injuries;
   e)      Disfigurement;
   f)      Loss of earnings; and
   g)      Loss of earning capacity.

55.     WHEREFORE, Plaintiff, Charlene F. DeLorenzo, Jr., demands judgment against defendants in an amount that is deemed appropriate, plus the costs of this action

## COUNT NINE
## FICTITIOUS DEFENDANTS

56.     Plaintiff adopts and re-alleges paragraphs one through fifty-five as if set forth in full herein.

57.     Plaintiff alleges and avers that the negligent or wanton acts and/or omissions of fictitious defendants A through P proximately caused and/or combined and concurred with the negligence and/or wantonness of Wal-Mart, Dean Foods, Purity Dairies, and/or Dean

Transportation to proximately cause Plaintiff's injuries and damages set forth in Counts One through Six above.

58.     The true names and identities of fictitious defendants A through P are unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9(h) of the *Alabama Rules of Civil Procedure* when the true names and identities are ascertained.

WHEREFORE, Plaintiff, Charlene F. DeLorenzo demands judgment against defendants in an amount that a jury deems appropriate plus the costs of this action.

## PLAINTIFF DEMANDS TRIAL STRUCK BY JURY

*/s/ Michael K. Timberlake*
Michael K. Timberlake (TIM 003)

*/s/ W. Heath Brooks*
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
**Siniard, Timberlake & League, P.C.**
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

### SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

11

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| CHARLENE F. DELORENZO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CV-2017- _____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| DEAN FOODS COMPANY, INC., | ) | |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) | |
| PURITY DAIRIES, and DEAN | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT WAL-MART STORES, INC.

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds the following interrogatories to Defendant Wal-Mart Stores, Inc.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case. The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a)    "Incident" - The event or events, transactions, or occurrences made the basis of this suit;'

(b)    "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c)    "Person" – Any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

(d)    "Date" -    The exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

(e)    "You" and "Your" - The party or parties to whom this request is propounded, his/her/their present or former agents, attorneys, representatives and other persons who have acted or purported to act on his/her/their behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

(f)    "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, periodicals, files, envelopes, photographs, tangible things, correspondence, communications, telegrams, cables, calendars (paper or electronic), appointment books, tables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, accident reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the Alabama Rules of Civil Procedure of any kind or character in your possession, custody or in control or known by you to exist.  Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the Plaintiff, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

(g)    "Identify"  - (i) When used in reference to a natural person, means to provide that person's full name, last known home and business address, last known home, business and cellular telephone numbers, present employer and job title; (ii) When used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities; (iii) When used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy; (iv) When used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

2

## INTERROGATORIES

1.      State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.  (You do not need to identify anyone who simply typed or reproduced the responses.)
**ANSWER:**

2.      Is the Defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the Defendant in the complaint.
**ANSWER:**

3.      At the time of the incident, if there was in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident, for each policy state the name and address of the insurance company and the insured, along with the policy number and whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and if so, state the basis for any such dispute.
**ANSWER:**

4.      State the name, address, and telephone number of each individual that has information or knowledge that relates or in any way concerns the subject matter of this lawsuit.
**ANSWER:**

5.      If you or anyone acting on your behalf caused an investigation to be conducted at any time in connection with the subject matter of this action, please state for each such investigation:

a.      the date of each investigation and the names of the persons conducting each such investigation

b.      where the investigation was made;

c.      the names and capacities of all persons present or contacted at any time during the investigation;

d.      whether any written notes or memoranda of any kind were made in connection with the investigation, as well as whether  a  report  of  the investigation was made;

d.      If so, the date of each such report and the name of the person making each such report and whether same was oral or in writing;

f.      the present location of each such written report and the name and address of the person having custody of each written report.

**ANSWER:**

3

6.    If you or anyone acting on your behalf have consulted any experts concerning the facts of this case, for each expert, please state:

      a.    his/her name, address, occupation and capacity;

      b.    whether he/he furnished an oral or written report of his/her findings or opinions concerning the matters for which consultation was obtained;

      c.    whether you intend to call him/her as an expert witness at trial;

      d.    the substance of his/her findings or opinions respecting this action;

      e.    the name, date, publisher and author of any scientific technical or professional text, treatise, journal, or similar publication upon which such expert relied to form his/her findings or opinions.

**ANSWER:**

7.    If you or anyone acting on your behalf have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

      a.    the substance of the admission or declaration and the time and place when such admission or declaration was made;

      b.    the names and addresses of all persons in whose presence such admission or declaration was made.

**ANSWER:**

8.    Do you contend that any other person, business entity, or government entity is responsible in any way for Plaintiff's injuries?  By answering in the affirmative or negative, you are not admitting liability.  The Plaintiff is only interested in learning whether you contend that some other person or entity may be in whole or in part responsible for Plaintiff's injuries.
**ANSWER:**

9.    If your answer to the preceding interrogatory is in the affirmative, please state the facts on which you rely in making this contention, as well as:

      a.    the names, addresses, and telephone number of all persons who have knowledge of the facts;

      b.    identify all writings and other tangible things that support your contention and state the name, address and telephone number of the person who has each writing or thing.

**ANSWER:**

10.    Within the past five years, if the Defendant received or become aware of any complaint regarding liquid, water or other debris in the customer walkway at the store/business where Plaintiff alleges she fell, please state:

        a.      the date of the complaint and the nature of the situation complained of;

        b.      the name and address of the person so complaining.

**ANSWER:**

11.    Within the past five years, if the Defendant received or become aware of any claims resulting from injuries alleged to be suffered in slip and fall or trip and fall incidents at the store/business where Plaintiff alleges she fell, please state:

        a.      the date of the alleged injury;

        b.      the date claim was received;

        c.      name and address of alleged injured claimant and their attorney (if any).

**ANSWER:**

12.    At the time of Plaintiff's injury, if you contend that any person or entity other than you owned or maintained the premises on which Plaintiff alleges she was injured, please state each and every fact on which you base the contention and identify each and every writing that supports the contention.

**ANSWER:**

13.    At the time of Plaintiff's injury, if you contend that any person or entity other than you and your employees and agents was responsible for the cleaning and maintenance of the premises on which Plaintiff alleges she was injured? Please state each and every fact on which you base your contention and identify each and every writing that supports the contention, including any vendor contracts, terms of service, communications, or agreements in which outside people or entities, including but not limited to the other defendants named in this suit.

**ANSWER:**

14.    Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the cleaning and maintenance of the store where Plaintiff alleges she was injured.

**ANSWER:**

15.    On the date of the alleged incident, how frequently was the area where the incident allegedly occurred inspected and with what equipment or materials was it cleaned, when necessary?

**ANSWER:**

16.    When was the last time that the area where the alleged incident occurred been inspected before the incident?  Please include in your answer the date/time; contact information

for the person who inspected the location; the type of equipment and cleaning agent(s) used (if any); the reason it was inspected; the reason it was cleaned (if applicable).
**ANSWER:**

17.     Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce any writing including, sweep sheets, and maintenance logs that support your answer to the preceding interrogatory.   If said writings contain abbreviations or initials, define the abbreviations and state the full name, address and telephone number of the person whose name is signified by the initials.
**ANSWER:**

18.     If you agree that the Plaintiff fell in the customer walkway of the retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, on July 14, 2016, please state to the best of your information or belief how the incident occurred.  Please specify each condition or circumstance that contributed to the incident.
**ANSWER:**

19.     Do you contend that the Plaintiff caused or contributed to cause the injuries alleged in the complaint?  If so, state each and every fact that is relied upon in support of your contention and provide the names and addresses of any person with knowledge of such facts.
**ANSWER:**

20.     Do you have any photographs, videotapes or moving pictures taken of the area where Plaintiff was injured?  If so, please:

        a.      Identify the person taking the photographs, videotapes or moving pictures;
        b.      State the date upon which such photographs, videotapes or moving pictures were taken; and
        c.      Identify the person who has possession, custody and control of the photographs, videotapes or moving pictures.

**ANSWER:**

21.     Were any photographs, videotapes or moving pictures taken in the retail store at the time Plaintiff was injured, but not retained?  If so, please state:

        a.      Who (by name and position) viewed such photographs, videotapes or Moving pictures.
        b.      Who (by name and position) destroyed, eliminated or otherwise got rid or
        c.      did away with such photographs, videotapes or moving pictures?
        d.      Who ordered such photographs, videotapes or moving pictures to be destroyed or not to be retained?
        e.      When were such photographs, videotapes or moving pictures destroyed, eliminated or gotten rid of?

**ANSWER:**

22.    State specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the accident made the basis of this suit, including a statement in detail of the facts or information upon which this contention is based.
**ANSWER:**

23.    If you deny that an injury to the Plaintiff occurred on this Defendant's premises on the date and location referred to in the Plaintiff's complaint, please state, specifically, the Defendant's reason for denial.
**ANSWER:**

24.    Describe what efforts the Defendant made to warn of the condition or defect which the Plaintiff alleges to be the location and cause of the occurrence in question.
**ANSWER:**

25.    What is the Defendant's contention as to the Plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the Plaintiff alleges to be the cause of the occurrence in question?
**ANSWER:**

26.    What efforts were made by the Defendant to correct the condition or defect (which the Plaintiff contends caused the occurrence in question) before and after the accident in question?
**ANSWER:**

27.    Please describe in detail any changes that have been made by this Defendant in the physical site of the accident, or to the warnings or signs relating thereto, or to the Defendant's policy(s)/procedure(s) regarding safety, since the occurrence in question.
**ANSWER:**

28.    State fully all the efforts you made prior to Plaintiff's accident to learn about the general hazards of people slipping/tripping/falling and what you did to try to prevent accidents similar to Plaintiff's.
**ANSWER:**

29.    Please describe what training procedures, if any, are followed in the course of training of Defendant's employees with regard to customers' slipping, tripping and/or falling. Include any and all written materials, slides, photographs, films, videotapes, or other instructional materials/ media which Defendant utilizes in training its employees.
**ANSWER:**

30.    State whether the Defendant or any of its employees or agents received or had knowledge or notice -- as a result of any warning, complaint, notification, or other circumstance -- prior to Plaintiff's fall on July 14, 2016, that the area where Plaintiff fell was wet, slick, slippery, or otherwise unsafe.  If so, for each event providing knowledge or notice, please describe, in detail, the time, circumstances, and persons involved.

**ANSWER:**

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim. Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld or the basis of a privilege.*

/s/ Michael K. Timberlake
Michael K. Timberlake (TIM 003)

/s/ W. Heath Brooks
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
*Siniard, Timberlake & League, P.C.*
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:   256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

### SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

| | |
|---|---|
| Wal-Mart Stores, Inc.<br>c/o CT Corporation System<br>2 N. Jackson Street, Suite 605<br>Montgomery, Alabama 36104 | Dean Foods Company, Inc<br>c/o Fred S. Ball, Jr. & Richard A. Ball<br>200 S. Lawrence Street<br>Montgomery, AL 36104 |
| Dean Dairy Holdings, LLC<br>c/o CT Corporation System<br>2 N. Jackson Street, Suite 605<br>Montgomery, Alabama 36104 | Dean Transportation, Inc.<br>c/o CT Corporation System<br>2 N. Jackson Street, Suite 605<br>Montgomery, Alabama 36104 |

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| CHARLENE F. DELORENZO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CV-2017- _____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| DEAN FOODS COMPANY, INC., | ) | |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) | |
| PURITY DAIRIES, and DEAN | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WAL-MART STORES, INC.

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to and in accordance with Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for productions of documents to Defendant Wal-Mart Stores, Inc. You are hereby requested to produce and identify the documents and other things described herein. Please produce copies or permit Plaintiff to inspect and copy each of the following documents:

1.      Any and all incident or accident reports concerning the accident made the basis of this lawsuit which occurred on or about July 14, 2016, whether obtained by this Defendant or filed with any other corporation, agency, individual or insurance company.
**RESPONSE:**

2.      Any and all accident reports concerning any incident or fall occurring on the Defendant's premises within the last five years prior to the accident made the basis of this suit.
**RESPONSE:**

3.      Any and all photographs taken of the area wherein the accident in this case occurred.
**RESPONSE:**

4.      Any and all statements taken from any witnesses to any aspect of the Plaintiff's fall or from any witnesses to the accident, whether tape-recorded, typed, or handwritten.
**RESPONSE:**

5.      Any and all letters or reprimand or other disciplinary documents issued to any individual as a result of the aforesaid accident.

**RESPONSE:**

     6.     Any and all notes, memoranda, letters, correspondence, reports, calendar entries, receipts, cancelled checks, files, and any other documents which in any way pertain to the accident which is the basis of this litigation, provide evidence as to facts or will be used to refresh the recollections of or impeach any witness.
**RESPONSE:**

     7.     The curriculum vitae and written opinions of any expert any Defendant expects to call as a witness in this case.
**RESPONSE:**

     8.     All documents reviewed by any individual who has been consulted or is expected to testify as an expert witness at trial on your behalf.
**RESPONSE:**

     9.     Any and all photographs, moving pictures, videotapes, or any other diagram or illustration the Defendant expects to use as evidence, impeachment, or rebuttal at trial of this case.
**RESPONSE:**

     10.     Any and all photographs, moving pictures, or videotapes of the Plaintiff taken at any time.
**RESPONSE:**

     11.     Any and all written complaints received by any party, person or entity in any way related to the Defendant concerning a fall, near fall, trip, slippage, or sliding within the last three years prior to the accident made the basis of this suit.
**RESPONSE:**

     12.     Any and all statements from any non-party witness whether written, recorded, or transcribed.
**RESPONSE:**

     13.     Any and all documents referenced in either the Plaintiff's interrogatories, or your answers thereto.
**RESPONSE:**

     14.     A copy of any Risk Management/Safety manual (or similar document) that was in effect in July 2016.
**RESPONSE:**

     15.     A copy of any Employee Handbook (or similar document) that was in effect in July 2016.
**RESPONSE:**

16.     A copy of all Customer Safety material in effect in July 2016.
**RESPONSE:**

17.     A copy of all training materials, if any, are utilized by Defendant regarding customers' slips, trips and falls. Include any and all written materials, slides, photographs, films, videotapes, or other instructional materials/media which Defendant utilizes in training its employees.
**RESPONSE:**

18.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the accident made the basis of Plaintiff's claim.
**RESPONSE:**

19.     Any and all documents and/or correspondence provided to or received from any person or entity, that concern or in any way relate to the accident made the basis of Plaintiff's claim (other than privileged documents to/from your attorney).
**RESPONSE:**

20.     Any and all contracts or agreements between Dean Foods Company, Inc., Dean Dairy Holdings, LLC d/b/a Purity Dairies, and/or Dean Transportation, Inc., and any other person or entity, in effect on July 14, 2016, that concern or relate to stocking, maintenance, cleaning, repair, or upkeep of the store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758. Specifically, please produce any and all documents that concern or in any way relate to the maintenance of the floors and/or customer walkways.
**RESPONSE:**

21.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the accident made the basis of Plaintiff's claim.
**RESPONSE:**

22.     Any and all correspondence between Dean Foods Company, Inc., Dean Dairy Holdings, LLC d/b/a Purity Dairies, and/or Dean Transportation, Inc., its employees, agents, or representatives and any other person or entity that concerns or relates to the allegations made in Plaintiff's complaint.
**RESPONSE:**

23.     All written, recorded and/or signed statement of any person, witness, investigator, agent, representative or employee of the parties, concerning the subject matter of this action.
**RESPONSE:**

24.     All documents which afforded liability insurance or self-insured status for the incident which is the subject matter of Plaintiff's Complaint.
**RESPONSE:**

25. Any documents prepared during the regular course or business as a result of the incident complained of in Plaintiff's Complaint.

**RESPONSE:**

26.     Copies of any treatises, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.
**RESPONSE:**

27.     All documents, policies, memorandum and correspondence regarding this Defendant's policy regarding documentation that is required when an incident has been reported.
**RESPONSE:**

28.     All documents, memoranda, notes, directives and/or telephone messages between the Plaintiff and any employee, agent and/or representative of this Defendant.
**RESPONSE:**

29.     Any documents or list, including names, addresses and phone numbers, of any independent contractor(s) (full or part-time) who was involved in the stocking, cleaning, and/or maintenance of the location made the subject of Plaintiff's Complaint.
**RESPONSE:**

30.     Any and all documents relating to any cause or circumstance this Defendant contends may have contributed to the occurrence.
**RESPONSE:**

31.     Any and all reports made as a result of any inspections, examinations or investigations by any person acting on behalf of any party as a result of the occurrence complained of in Plaintiff's Complaint.
**RESPONSE:**

32.     Any and all documents identified, sought or referred to in this Defendant's answers to Plaintiff's or any other party's interrogatories.
**RESPONSE:**

33.     A copy of any surveillance movies or photographs which have been made of the Plaintiff.
**RESPONSE:**

34.     Any written warnings (of any type or style) posted or placed in the area where Plaintiff fell, on the date in question.
**RESPONSE:**

35.     All documents or tangible evidence which you claim supports your contention that Plaintiff or any other party was negligent or otherwise caused or contributed to the damages sustained by Plaintiff.
**RESPONSE:**

4

36.     All documents that constitute, relate or refer to an investigation of or any inquiry into the incident giving rise to the claims stated in Plaintiff's claims
**RESPONSE:**

37.     All documents that constitute, relate or refer to an investigation of the Plaintiff.
**RESPONSE:**

Production may be made at a time and place mutually convenient to the attorneys for the respective parties and compliance may be made by providing the requested documents to counsel for the Plaintiff with the counsel for Plaintiff being responsible for the expense of such copying.


                                        */s/ Michael K. Timberlake*
                                        Michael K. Timberlake (TIM 003)

                                        */s/ W. Heath Brooks*
                                        W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

                          **SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores, Inc.                     Dean Foods Company, Inc
c/o CT Corporation System         c/o Fred S. Ball, Jr. & Richard A. Ball
2 N. Jackson Street, Suite 605            200 S. Lawrence Street
Montgomery, Alabama 36104               Montgomery, AL 36104


Dean Dairy Holdings, LLC                  Dean Transportation, Inc.
c/o CT Corporation System             c/o CT Corporation System
2 N. Jackson Street, Suite 605         2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104             Montgomery, Alabama 36104

5

DOCUMENT 5


ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO,                    )
                                 )
      *Plaintiff,*                          )
                                 )
**v.**                                    )       CV-2017-_____
                                 )
**WAL-MART STORES, INC.,** *et al,*        )
                                 )
      *Defendants.*                         )

## PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT WAL-MART STORES, INC., PURSUANT TO RULE 30(b)(5) and (6)

      PLEASE TAKE NOTICE that at _____ a.m./p.m. on _____, _____, at the office of Siniard, Timberlake & League, P.C., in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure, Plaintiff will take the deposition of the individual employed by Wal-Mart Stores, Inc., who has the most knowledge of Plaintiff's fall on July 14, 2016, including, but not limited to, the person with knowledge regarding the employees of Wal-Mart Stores, Inc., that were present on the Wal-Mart premises, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, near the area where Plaintiff fell on July 14, 2016.

DEPOSITION OF:      Representative of Wal-Mart Stores, Inc.

PLACE:               Law Offices of Michael Timberlake, Esquire
                      Siniard, Timberlake & League, P.C.
                      125 Holmes Avenue
                      Huntsville, AL 35801

DATE:                TBD

TIME:                TBD

                               */s/ Michael K. Timberlake*
                                 Michael K. Timberlake (TIM 003)

                                 */s/ W. Heath Brooks*
                                 W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
P.O. Box 2767, Huntsville, Alabama 35804
Telephone: 256-536-0770   Facsimile: 256-539-0540
timber@law-injury.com   heath.brooks@law-injury.com

DOCUMENT 5

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

2

DOCUMENT 6

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| CHARLENE F. DELORENZO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CV-2017- _____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| DEAN FOODS COMPANY, INC., | ) | |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) | |
| PURITY DAIRIES, and DEAN | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT DEAN FOODS COMPANY, INC.

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds the following interrogatories to Defendant Dean Foods Company, Inc.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case.  The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a)  "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

(b)  "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c)  "Person" – Any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

DOCUMENT 6

(d)    "Date" -   The exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

(e)    "You" and "Your" - The party or parties to whom this request is propounded, his/her/their present or former agents, attorneys, representatives and other persons who have acted or purported to act on his/her/their behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

(f)    "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, periodicals, files, envelopes, photographs, tangible things, correspondence, communications, telegrams, cables, calendars (paper or electronic), appointment books, tables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, accident reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the Alabama Rules of Civil Procedure of any kind or character in your possession, custody or in control or known by you to exist.  Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the Plaintiff, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

(g)    "Identify"  -  (i) When used in reference to a natural person, means to provide that person's full name, last known home and business address, last known home, business and cellular telephone numbers, present employer and job title; (ii) When used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities; (iii) When used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy; (iv) When used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

DOCUMENT 6

## INTERROGATORIES

1.      State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.  (You do not need to identify anyone who simply typed or reproduced the responses.)
**ANSWER:**

2.      Is the Defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the Defendant in the complaint.
**ANSWER:**

3.      At the time of the incident, if there was in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident, for each policy state the name and address of the insurance company and the insured, along with the policy number and whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and if so, state the basis for any such dispute.
**ANSWER:**

4.      State the name, address, and telephone number of each individual that has information or knowledge that relates or in any way concerns the subject matter of this lawsuit.
**ANSWER:**

5.      If you or anyone acting on your behalf caused an investigation to be conducted at any time in connection with the subject matter of this action, please state for each such investigation:

       a.      the date of each investigation and the names of the persons conducting each such investigation;

       b.      where the investigation was made;

       c.      the names and capacities of all persons present or contacted at any time during the investigation;

       d.      whether any written notes or memoranda of any kind were made in connection with the investigation, as well as whether a report of the investigation was made;

       d.      If so, the date of each such report and the name of the person making each such report and whether same was oral or in writing; and

       f.      the present location of each such written report and the name and address of the person having custody of each written report.

**ANSWER:**

3

DOCUMENT 6

6.     If you or anyone acting on your behalf have consulted any experts concerning the facts of this case, for each expert, please state:

      a.     his/her name, address, occupation and capacity;

      b.     whether he/she furnished an oral or written report of his/her findings or opinions concerning the matters for which consultation was obtained;

      c.     whether you intend to call him/her as an expert witness at trial;

      d.     the substance of his/her findings or opinions respecting this action;

      e.     the name, date, publisher and author of any scientific technical or professional text, treatise, journal, or similar publication upon which such expert relied to form his/her findings or opinions.

**ANSWER:**

7.     If you or anyone acting on your behalf have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

      a.     the substance of the admission or declaration and the time and place when such admission or declaration was made;

      b.     the names and addresses of all persons in whose presence such admission or declaration was made.

**ANSWER:**

8.     Do you contend that any other person, business entity, or government entity is responsible in any way for Plaintiff's injuries?   By answering in the affirmative or negative, you are not admitting liability.  The Plaintiff is only interested in learning whether you contend that some other person or entity may be in whole or in part responsible for Plaintiff's injuries.
**ANSWER:**

9.     If your answer to the preceding interrogatory is in the affirmative, please state the facts on which you rely in making this contention, as well as:

      a.     the names, addresses, and telephone number of all persons who have knowledge of the facts; and

      b.     identify all writings and other tangible things that support your contention and state the name, address and telephone number of the person who has each writing or thing.

**ANSWER:**

10.     Within the past five years, if the Defendant received or become aware of any claims resulting from injuries alleged to be suffered in slip and fall or trip and fall incidents at a store/business where this Defendant provides goods or performs services, please state:

      a.     the date of the alleged injury;

      b.     the date claim was received; and

      c.     name and address of alleged injured claimant and their attorney (if any).

**ANSWER:**

11.     Identify any written or oral contact, terms of service, or agreement in place at the time of incident made basis of this suit with the Wal-Mart located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, including the scope of work and/or identification of goods to be provided to Wal-Mart, and when you initially got the contact.

**ANSWER:**

12.     List the any rules, practices, and/or procedures relating to the policies standard of care and safety of retail store patrons while you or any employees or agents are present, providing goods, or performing any services for any contracted retail entity, including transporting, stocking, maintaining, and/or cleaning and what tools, machines, utensils, material, or various items are used to perform same.

**ANSWER:**

13.     Describe the standard practice and procedure when cleaning up any debris, liquid, or substance present on the floor during performance of any services for retail entities.

**ANSWER:**

14.     How often did you provide any goods and/or services to the Wal-Mart Store, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758?

**ANSWER:**

15.     At the time of Plaintiff's injury, if you contend that any person or entity other than you and your employees and agents was responsible for the stocking, clean-up, maintenance, and/or any other activity to be performed at the premises on which Plaintiff alleges she was injured, please state each and every fact on which you base your contention and identify each and every writing that supports the contention?

**ANSWER:**

16.     Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the transporting, stocking, cleaning, and/or maintenance of the store where Plaintiff alleges she was injured.

**ANSWER:**

DOCUMENT 6

17.    If you agree that the Plaintiff fell in the customer walkway of the retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, on July 14, 2016, please state to the best of your information or belief how the incident occurred.  Please specify each condition or circumstance that contributed to the incident.
**ANSWER:**

18.    Do you contend that the Plaintiff caused or contributed to cause the injuries alleged in the complaint?  If so, state each and every fact that is relied upon in support of your contention and provide the names and addresses of any person with knowledge of such facts.
**ANSWER:**

19.    Do you have any photographs or videotapes taken of the area where Plaintiff was injured?  If so, please:

    a.    Identify the person taking the photographs or videotapes;

    b.    State the date upon which such photographs or videotapes were taken; and

    c.    Identify the person who has possession, custody and control of the photographs or videotapes.

**ANSWER:**

20.    Were any photographs or videotapes taken in the retail store at the time Plaintiff was injured, but not retained?  If so, please state:

    a.    Who (by name and position) viewed such photographs or videotapes

    b.    Who (by name and position) destroyed, eliminated or otherwise got rid or did away with such photographs or videotapes?

    c.    Who ordered such photographs or videotapes to be destroyed or not to be retained?

    d.    When were such photographs or videotape destroyed, eliminated or gotten rid of?

**ANSWER:**

21.    State specifically and in detail what the claim or contention of this Defendant will be regarding any cause or contributing cause of the accident made the basis of this suit, including a statement in detail of the facts or information upon which this contention is based.
**ANSWER:**

22.    Describe what efforts the Defendant made to warn of the condition or defect which the Plaintiff alleges to be the location and cause of the occurrence in question.

DOCUMENT 6

23.     What is this Defendant's contention as to the Plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the Plaintiff alleges to be the cause of the occurrence in question?

**ANSWER:**

24.     What efforts were made by the Defendant to correct the condition or defect (which the Plaintiff contends caused the occurrence in question) before and after the accident in question?

**ANSWER:**

25.     State fully all the efforts you made prior to Plaintiff's accident to learn about the general hazards of people slipping/tripping/falling and what you did to try to prevent accidents similar to Plaintiff's.

**ANSWER:**

25.     State whether the Defendant or any of its employees or agents received or had knowledge or notice -- as a result of any warning, complaint, notification, or other circumstance -- prior to Plaintiff's fall on July 14, 2016, that the area where Plaintiff fell was wet, slick, slippery, or otherwise unsafe.  If so, for each event providing knowledge or notice, please describe, in detail, the time, circumstances, and persons involved.

**ANSWER:**

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld or the basis of a privilege.*

/s/ Michael K. Timberlake
Michael K. Timberlake (TIM 003)

/s/ W. Heath Brooks
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
**Siniard, Timberlake & League, P.C.**
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

7

DOCUMENT 6

**<u>SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS</u>:**

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

DOCUMENT 7

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| CHARLENE F. DELORENZO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CV-2017- _____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| DEAN FOODS COMPANY, INC., | ) | |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) | |
| PURITY DAIRIES, and DEAN | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

---

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT DEAN FOODS COMPANY, INC.

---

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to and in accordance with Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for productions of documents to Defendant Dean Foods Company, Inc. You are hereby requested to produce and identify the documents and other things described herein. Please produce copies or permit Plaintiff to inspect and copy each of the following documents:

1.      Any and all incident or incident reports concerning the incident made the basis of this lawsuit which occurred on or about July 14, 2016, whether obtained by this Defendant or filed with any other corporation, agency, individual or insurance company.
**RESPONSE:**

2.      Any and all incident reports concerning any incident or fall occurring on the premises of a retail entity stemming from services you performed, within the last five years prior to the incident made the basis of this suit.
**RESPONSE:**

3.      Any and all photographs taken of the area wherein the incident in this case occurred.
**RESPONSE:**

4.      Any and all statements taken from any witnesses to any aspect of the Plaintiff's fall or from any witnesses to the incident, whether tape-recorded, typed, or handwritten.
**RESPONSE:**

DOCUMENT 7

5. Any and all letters or reprimand or other disciplinary documents issued to any individual as a result of the aforesaid incident.
**RESPONSE:**

6. Any and all notes, memoranda, letters, correspondence, reports, calendar entries, receipts, cancelled checks, files, and any other documents which in any way pertain to the incident which is the basis of this litigation, provide evidence as to facts or will be used to refresh the recollections of or impeach any witness.
**RESPONSE:**

7. The curriculum vitae and written opinions of any expert any Defendant expects to call as a witness in this case.
**RESPONSE:**

8. All documents reviewed by any individual who has been consulted or is expected to testify as an expert witness at trial on your behalf.
**RESPONSE:**

9. Any and all photographs, moving pictures, videotapes, or any other diagram or illustration the Defendant expects to use as evidence, impeachment, or rebuttal at trial of this case.
**RESPONSE:**

10. Any and all photographs, moving pictures, or videotapes of the Plaintiff taken at any time.
**RESPONSE:**

11. Any and all written complaints received by any party, person or entity in any way related to the Defendant concerning a fall, near fall, trip, slippage, or sliding occurring on the premises of a retail entity stemming from services you performed, within the last three years prior to the incident made the basis of this suit.
**RESPONSE:**

12. Any and all statements from any non-party witness whether written, recorded, or transcribed.
**RESPONSE:**

13. Any and all documents referenced in either the Plaintiff's interrogatories, or your answers thereto.
**RESPONSE:**

14. A copy of any Risk Management/Safety manual (or similar document) that was in effect in July 2016.
**RESPONSE:**

15.    A copy of any Employee Handbook (or similar document) that was in effect in July 2016.
**RESPONSE:**

16.    A copy of all Customer Safety material in effect in July 2016.
**RESPONSE:**

17.    A copy of all training materials, if any, that are utilized by Defendant regarding customers' slips, trips and falls occurring on the premises of a retail entity stemming from services you performed.  Include any and all written materials, slides, photographs, films, videotapes, or other instructional materials/media which Defendant utilizes in training its employees.
**RESPONSE:**

18.    Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the incident made the basis of Plaintiff's claim.
**RESPONSE:**

19.    Any and all documents and/or correspondence provided to or received from any person or entity, that concern or in any way relate to the incident made the basis of Plaintiff's claim (other than privileged documents to/from your attorney).
**RESPONSE:**

20.    Any and all contracts or agreements between Wal-Mart Stores, Inc, in effect on July 14, 2016, that concern or relate to transportation or stocking of goods, maintenance, cleaning, repair, or upkeep of the store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758. Specifically, please produce any and all documents that concern or in any way relate to the maintenance of the floors and/or customer walkways.
**RESPONSE:**

21.    Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the incident made the basis of Plaintiff's claim.
**RESPONSE:**

22.    Any and all correspondence between Wal-Mart Stores, Inc., Dean Dairy Holdings, LLC d/b/a Purity Dairies, and/or Dean Transportation, Inc., its employees, agents, or representatives and any other person or entity that concerns or relates to the allegations made in Plaintiff's complaint.
**RESPONSE:**

23.    All written, recorded and/or signed statement of any person, witness, investigator, agent, representative or employee of the parties, concerning the subject matter of this action.
**RESPONSE:**

24.    All documents which afforded liability insurance or self-insured status for the incident which is the subject matter of Plaintiff's Complaint.

3

**RESPONSE:**

25. Any documents prepared during the regular course or business as a result of the incident complained of in Plaintiff's Complaint.
**RESPONSE:**

26. Copies of any treatises, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.
**RESPONSE:**

27. All documents, policies, memorandum and correspondence regarding this Defendant's policy regarding documentation that is required when an incident has been reported.
**RESPONSE:**

28. All documents, memoranda, notes, directives and/or telephone messages between the Plaintiff and any employee, agent and/or representative of this Defendant.
**RESPONSE:**

29. Any documents or list, including names, addresses and phone numbers, of any independent contractor(s) (full or part-time) who was involved in the transportation or stocking of goods, cleaning, and/or maintenance of the location made the subject of Plaintiff's Complaint.
**RESPONSE:**

30. Any and all documents relating to any cause or circumstance this Defendant contends may have contributed to the occurrence.
**RESPONSE:**

31. Any and all reports made as a result of any inspections, examinations or investigations by any person acting on behalf of any party as a result of the occurrence complained of in Plaintiff's Complaint.
**RESPONSE:**

32. Any and all documents identified, sought or referred to in this Defendant's answers to Plaintiff's or any other party's interrogatories.
**RESPONSE:**

33. A copy of any surveillance movies or photographs which have been made of the Plaintiff.
**RESPONSE:**

34. Any written warnings (of any type or style) posted or placed in the area where Plaintiff fell, on the date in question.
**RESPONSE:**

4

35.     All documents or tangible evidence which you claim supports your contention that Plaintiff or any other party was negligent or otherwise caused or contributed to the damages sustained by Plaintiff.
**RESPONSE:**

36.     All documents that constitute, relate or refer to an investigation of or any inquiry into the incident giving rise to the claims stated in Plaintiff's claims
**RESPONSE:**

37.     All documents that constitute, relate or refer to an investigation of the Plaintiff.
**RESPONSE:**

Production may be made at a time and place mutually convenient to the attorneys for the respective parties and compliance may be made by providing the requested documents to counsel for the Plaintiff with the counsel for Plaintiff being responsible for the expense of such copying.


                            /s/ Michael K. Timberlake
                            Michael K. Timberlake (TIM 003)

                            /s/ W. Heath Brooks
                            W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

| | |
|---|---|
| Wal-Mart Stores, Inc. | Dean Foods Company, Inc |
| c/o CT Corporation System | c/o Fred S. Ball, Jr. & Richard A. Ball |
| 2 N. Jackson Street, Suite 605 | 200 S. Lawrence Street |
| Montgomery, Alabama 36104 | Montgomery, AL 36104 |
| | |
| Dean Dairy Holdings, LLC | Dean Transportation, Inc. |
| c/o CT Corporation System | c/o CT Corporation System |
| 2 N. Jackson Street, Suite 605 | 2 N. Jackson Street, Suite 605 |
| Montgomery, Alabama 36104 | Montgomery, Alabama 36104 |



ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO, )
)
*Plaintiff,* )
)
v. )          CV-2017- _____
)
WAL-MART STORES, INC., *et al,* )
)
*Defendants.* )

---

### PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT DEAN FOODS COMPANY, INC., PURSUANT TO RULE 30(b)(5) and (6)

---

PLEASE TAKE NOTICE that at _____ a.m./p.m. on _____, _____, at the office of Siniard, Timberlake & League, P.C., in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure, Plaintiff will take the deposition of the individual employed by Dean Foods Company, Inc., who has the most knowledge of Plaintiff's fall on July 14, 2016, including, but not limited to, the person with knowledge regarding the employees of Dean Foods Company, Inc., that were present on the Wal-Mart premises, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, the day Plaintiff fell, to wit, July 14, 2016.

DEPOSITION OF:    Representative of Dean Foods Company, Inc.

PLACE:           Law Offices of Michael Timberlake, Esquire
                 Siniard, Timberlake & League, P.C.
                 125 Holmes Avenue
                 Huntsville, AL 35801

DATE:            TBD

TIME:            TBD

*/s/ Michael K. Timberlake*
Michael K. Timberlake (TIM 003)

*/s/ W. Heath Brooks*
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
P.O. Box 2767, Huntsville, Alabama 35804
Telephone: 256-536-0770   Facsimile: 256-539-0540
timber@law-injury.com     heath.brooks@law-injury.com

DOCUMENT 8

### SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

2

DOCUMENT 9

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO,    )
       )
    *Plaintiff,*     )
       )
v.         )    CV-2017- _____
       )
WAL-MART STORES, INC.,    )
DEAN FOODS COMPANY, INC.,    )
DEAN DAIRY HOLDINGS, LLC, d/b/a  )
PURITY DAIRIES, and DEAN    )
TRANSPORTATION, INC.,    )
       )
    *Defendants.*    )

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT DEAN DAIRY HOLDINGS, LLC d/b/a PURITY DAIRIES

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds the following interrogatories to Defendant Dean Dairy Holdings, LLC d/b/a Purity Dairies.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case. The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

    (a)    "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

    (b)    "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

    (c)    "Person" – Any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

(d)     "Date" -    The exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

(e)     "You" and "Your" - The party or parties to whom this request is propounded, his/her/their present or former agents, attorneys, representatives and other persons who have acted or purported to act on his/her/their behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

(f)     "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, periodicals, files, envelopes, photographs, tangible things, correspondence, communications, telegrams, cables, calendars (paper or electronic), appointment books, tables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, accident reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the Alabama Rules of Civil Procedure of any kind or character in your possession, custody or in control or known by you to exist.  Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the Plaintiff, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

(g)     "Identify" -  (i) When used in reference to a natural person, means to provide that person's full name, last known home and business address, last known home, business and cellular telephone numbers, present employer and job title; (ii) When used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities; (iii) When used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy; (iv) When used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

DOCUMENT 9

# INTERROGATORIES

1.      State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories. (You do not need to identify anyone who simply typed or reproduced the responses.)
**ANSWER:**

2.      Is the Defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the Defendant in the complaint.
**ANSWER:**

3.      At the time of the incident, if there was in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident, for each policy state the name and address of the insurance company and the insured, along with the policy number and whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and if so, state the basis for any such dispute.
**ANSWER:**

4.      State the name, address, and telephone number of each individual that has information or knowledge that relates or in any way concerns the subject matter of this lawsuit.
**ANSWER:**

5.      If you or anyone acting on your behalf caused an investigation to be conducted at any time in connection with the subject matter of this action, please state for each such investigation:

   a.      the date of each investigation and the names of the persons conducting each such investigation;

   b.      where the investigation was made;

   c.      the names and capacities of all persons present or contacted at any time during the investigation;

   d.      whether any written notes or memoranda of any kind were made in connection with the investigation, as well as whether  a  report  of  the investigation was made;

   d.      If so, the date of each such report and the name of the person making each such report and whether same was oral or in writing; and

   f.      the present location of each such written report and the name and address of the person having custody of each written report.

**ANSWER:**

6.    If you or anyone acting on your behalf have consulted any experts concerning the facts of this case, for each expert, please state:

      a.    his/her name, address, occupation and capacity;

      b.    whether he/she furnished an oral or written report of his/her findings or opinions concerning the matters for which consultation was obtained;

      c.    whether you intend to call him/her as an expert witness at trial;

      d.    the substance of his/her findings or opinions respecting this action;

      e.    the name, date, publisher and author of any scientific technical or professional text, treatise, journal, or similar publication upon which such expert relied to form his/her findings or opinions.

**ANSWER:**

7.    If you or anyone acting on your behalf have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

      a.    the substance of the admission or declaration and the time and place when such admission or declaration was made;

      b.    the names and addresses of all persons in whose presence such admission or declaration was made.

**ANSWER:**

8.    Do you contend that any other person, business entity, or government entity is responsible in any way for Plaintiff's injuries?   By answering in the affirmative or negative, you are not admitting liability.  The Plaintiff is only interested in learning whether you contend that some other person or entity may be in whole or in part responsible for Plaintiff's injuries.
**ANSWER:**

9.    If your answer to the preceding interrogatory is in the affirmative, please state the facts on which you rely in making this contention, as well as:

      a.    the names, addresses, and telephone number of all persons who have knowledge of the facts; and

      b.    identify all writings and other tangible things that support your contention and state the name, address and telephone number of the person who has each writing or thing.

**ANSWER:**

DOCUMENT 9

10.     Within the past five years, if the Defendant received or become aware of any claims resulting from injuries alleged to be suffered in slip and fall or trip and fall incidents at a store/business where this Defendant provides goods or performs services, please state:

        a.     the date of the alleged injury;

        b.     the date claim was received; and

        c.     name and address of alleged injured claimant and their attorney (if any).

**ANSWER:**

11.     Identify any written or oral contact, terms of service, or agreement in place at the time of incident made basis of this suit with the Wal-Mart located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, including the scope of work and/or identification of goods to be provided to Wal-Mart, and when you initially got the contact.

**ANSWER:**

12.     List the any rules, practices, and/or procedures relating to the policies standard of care and safety of retail store patrons while you or any employees or agents are present, providing goods, or performing any services for any contracted retail entity, including transporting, stocking, maintaining, and/or cleaning and what tools, machines, utensils, material, or various items are used to perform same.

**ANSWER:**

13.     Describe the standard practice and procedure when cleaning up any debris, liquid, or substance present on the floor during performance of any services for retail entities.

**ANSWER:**

14.     How often did you provide any goods and/or services to the Wal-Mart Store, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758?

**ANSWER:**

15.     At the time of Plaintiff's injury, if you contend that any person or entity other than you and your employees and agents was responsible for the stocking, clean-up, maintenance, and/or any other activity to be performed at the premises on which Plaintiff alleges she was injured, please state each and every fact on which you base your contention and identify each and every writing that supports the contention?

**ANSWER:**

16.     Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the transporting, stocking, cleaning, and/or maintenance of the store where Plaintiff alleges she was injured.

**ANSWER:**

DOCUMENT 9

17.    If you agree that the Plaintiff fell in the customer walkway of the retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, on July 14, 2016, please state to the best of your information or belief how the incident occurred.  Please specify each condition or circumstance that contributed to the incident.
**ANSWER:**

18.    Do you contend that the Plaintiff caused or contributed to cause the injuries alleged in the complaint?  If so, state each and every fact that is relied upon in support of your contention and provide the names and addresses of any person with knowledge of such facts.
**ANSWER:**

19.    Do you have any photographs or videotapes taken of the area where Plaintiff was injured?  If so, please:

a.    Identify the person taking the photographs or videotapes;

b.    State the date upon which such photographs or videotapes were taken; and

c.    Identify the person who has possession, custody and control of the photographs or videotapes.

**ANSWER:**

20.    Were any photographs or videotapes taken in the retail store at the time Plaintiff was injured, but not retained?  If so, please state:

a.    Who (by name and position) viewed such photographs or videotapes

b.    Who (by name and position) destroyed, eliminated or otherwise got rid or did away with such photographs or videotapes?

c.    Who ordered such photographs or videotapes to be destroyed or not to be retained?

d.    When were such photographs or videotape destroyed, eliminated or gotten rid of?

**ANSWER:**

21.    State specifically and in detail what the claim or contention of this Defendant will be regarding any cause or contributing cause of the accident made the basis of this suit, including a statement in detail of the facts or information upon which this contention is based.
**ANSWER:**

22.    Describe what efforts the Defendant made to warn of the condition or defect which the Plaintiff alleges to be the location and cause of the occurrence in question.

23.    What is this Defendant's contention as to the Plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the Plaintiff alleges to be the cause of the occurrence in question?
**ANSWER:**

24.    What efforts were made by the Defendant to correct the condition or defect (which the Plaintiff contends caused the occurrence in question) before and after the accident in question?
**ANSWER:**

25.    State fully all the efforts you made prior to Plaintiff's accident to learn about the general hazards of people slipping/tripping/falling and what you did to try to prevent accidents similar to Plaintiff's.
**ANSWER:**

25.    State whether the Defendant or any of its employees or agents received or had knowledge or notice -- as a result of any warning, complaint, notification, or other circumstance -- prior to Plaintiff's fall on July 14, 2016, that the area where Plaintiff fell was wet, slick, slippery, or otherwise unsafe.  If so, for each event providing knowledge or notice, please describe, in detail, the time, circumstances, and persons involved.
**ANSWER:**

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld or the basis of a privilege.*

/s/ Michael K. Timberlake
Michael K. Timberlake (TIM 003)

/s/ W. Heath Brooks
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
**Siniard, Timberlake & League, P.C.**
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

7

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

DOCUMENT 10

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| CHARLENE F. DELORENZO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) CV-2017- _____ |
| | ) |
| WAL-MART STORES, INC., | ) |
| DEAN FOODS COMPANY, INC., | ) |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) |
| PURITY DAIRIES, and DEAN | ) |
| TRANSPORTATION, INC., | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT DEAN DAIRY HOLDINGS, LLC

COMES NOW the Plaintiff, by and through the undersigned counsel, and pursuant to and in accordance with Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for productions of documents to Defendant Dean Dairy Holdings, LLC. You are hereby requested to produce and identify the documents and other things described herein. Please produce copies or permit Plaintiff to inspect and copy each of the following documents:

1.      Any and all incident or incident reports concerning the incident made the basis of this lawsuit which occurred on or about July 14, 2016, whether obtained by this Defendant or filed with any other corporation, agency, individual or insurance company.
RESPONSE:

2.      Any and all incident reports concerning any incident or fall occurring on the premises of a retail entity stemming from services you performed, within the last five years prior to the incident made the basis of this suit.
RESPONSE:

3.      Any and all photographs taken of the area wherein the incident in this case occurred.
RESPONSE:

4.      Any and all statements taken from any witnesses to any aspect of the Plaintiff's fall or from any witnesses to the incident, whether tape-recorded, typed, or handwritten.
RESPONSE:

5.      Any and all letters or reprimand or other disciplinary documents issued to any individual as a result of the aforesaid incident.
**RESPONSE:**

6.      Any and all notes, memoranda, letters, correspondence, reports, calendar entries, receipts, cancelled checks, files, and any other documents which in any way pertain to the incident which is the basis of this litigation, provide evidence as to facts or will be used to refresh the recollections of or impeach any witness.
**RESPONSE:**

7.      The curriculum vitae and written opinions of any expert any Defendant expects to call as a witness in this case.
**RESPONSE:**

8.      All documents reviewed by any individual who has been consulted or is expected to testify as an expert witness at trial on your behalf.
**RESPONSE:**

9.      Any and all photographs, moving pictures, videotapes, or any other diagram or illustration the Defendant expects to use as evidence, impeachment, or rebuttal at trial of this case.
**RESPONSE:**

10.      Any and all photographs, moving pictures, or videotapes of the Plaintiff taken at any time.
**RESPONSE:**

11.      Any and all written complaints received by any party, person or entity in any way related to the Defendant concerning a fall, near fall, trip, slippage, or sliding occurring on the premises of a retail entity stemming from services you performed, within the last three years prior to the incident made the basis of this suit.
**RESPONSE:**

12.      Any and all statements from any non-party witness whether written, recorded, or transcribed.
**RESPONSE:**

13.      Any and all documents referenced in either the Plaintiff's interrogatories, or your answers thereto.
**RESPONSE:**

14.      A copy of any Risk Management/Safety manual (or similar document) that was in effect in July 2016.
**RESPONSE:**

2

15.     A copy of any Employee Handbook (or similar document) that was in effect in July 2016.
**RESPONSE:**

16.     A copy of all Customer Safety material in effect in July 2016.
**RESPONSE:**

17.     A copy of all training materials, if any, that are utilized by Defendant regarding customers' slips, trips and falls occurring on the premises of a retail entity stemming from services you performed.   Include any and all written materials, slides, photographs, films, videotapes, or other instructional materials/media which Defendant utilizes in training its employees.
**RESPONSE:**

18.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the incident made the basis of Plaintiff's claim.
**RESPONSE:**

19.     Any and all documents and/or correspondence provided to or received from any person or entity, that concern or in any way relate to the incident made the basis of Plaintiff's claim (other than privileged documents to/from your attorney).
**RESPONSE:**

20.     Any and all contracts or agreements between Wal-Mart Stores, Inc, in effect on July 14, 2016, that concern or relate to transportation or stocking of goods, maintenance, cleaning, repair, or upkeep of the store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758. Specifically, please produce any and all documents that concern or in any way relate to the maintenance of the floors and/or customer walkways.
**RESPONSE:**

21.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the incident made the basis of Plaintiff's claim.
**RESPONSE:**

22.     Any and all correspondence between Wal-Mart Stores, Inc., Dean Foods Company, Inc., and/or Dean Transportation, Inc., its employees, agents, or representatives and any other person or entity that concerns or relates to the allegations made in Plaintiff's complaint.
**RESPONSE:**

23.     All written, recorded and/or signed statement of any person, witness, investigator, agent, representative or employee of the parties, concerning the subject matter of this action.
**RESPONSE:**

24.     All documents which afforded liability insurance or self-insured status for the incident which is the subject matter of Plaintiff's Complaint.

DOCUMENT 10

**RESPONSE:**

25. Any documents prepared during the regular course or business as a result of the incident complained of in Plaintiff's Complaint.
**RESPONSE:**

26. Copies of any treatises, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.
**RESPONSE:**

27. All documents, policies, memorandum and correspondence regarding this Defendant's policy regarding documentation that is required when an incident has been reported.
**RESPONSE:**

28. All documents, memoranda, notes, directives and/or telephone messages between the Plaintiff and any employee, agent and/or representative of this Defendant.
**RESPONSE:**

29. Any documents or list, including names, addresses and phone numbers, of any independent contractor(s) (full or part-time) who was involved in the transportation or stocking of goods, cleaning, and/or maintenance of the location made the subject of Plaintiff's Complaint.
**RESPONSE:**

30. Any and all documents relating to any cause or circumstance this Defendant contends may have contributed to the occurrence.
**RESPONSE:**

31. Any and all reports made as a result of any inspections, examinations or investigations by any person acting on behalf of any party as a result of the occurrence complained of in Plaintiff's Complaint.
**RESPONSE:**

32. Any and all documents identified, sought or referred to in this Defendant's answers to Plaintiff's or any other party's interrogatories.
**RESPONSE:**

33. A copy of any surveillance movies or photographs which have been made of the Plaintiff.
**RESPONSE:**

34. Any written warnings (of any type or style) posted or placed in the area where Plaintiff fell, on the date in question.
**RESPONSE:**

4

35.     All documents or tangible evidence which you claim supports your contention that Plaintiff or any other party was negligent or otherwise caused or contributed to the damages sustained by Plaintiff.
**RESPONSE:**

36.     All documents that constitute, relate or refer to an investigation of or any inquiry into the incident giving rise to the claims stated in Plaintiff's claims
**RESPONSE:**

37.     All documents that constitute, relate or refer to an investigation of the Plaintiff.
**RESPONSE:**

Production may be made at a time and place mutually convenient to the attorneys for the respective parties and compliance may be made by providing the requested documents to counsel for the Plaintiff with the counsel for Plaintiff being responsible for the expense of such copying.


*/s/ Michael K. Timberlake*
Michael K. Timberlake (TIM 003)

*/s/ W. Heath Brooks*
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

DOCUMENT 11



ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO,　　　　)
　　　　　　　　　　　　　　　　)
　　　　*Plaintiff,*　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　CV-2017-_____
　　　　　　　　　　　　　　　　)
WAL-MART STORES, INC., *et al,*　　)
　　　　　　　　　　　　　　　　)
　　　　*Defendants.*　　　　　　)

---

### PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT DEAN DAIRY HOLDINGS, LLC d/b/a PURITY DAIRIES PURSUANT TO RULE 30(b)(5) and (6)

---

PLEASE TAKE NOTICE that at _____ a.m./p.m. on _____, _____, at the office of Siniard, Timberlake & League, P.C., in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure, Plaintiff will take the deposition of the individual employed by Dean Dairy Holdings, LLC d/b/a Purity Dairies who has the most knowledge of Plaintiff's fall on July 14, 2016, including, but not limited to, the person with knowledge regarding the employees of Dean Dairy Holdings, LLC, that were present on the Wal-Mart premises, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, the day Plaintiff fell, to wit, July 14, 2016.

DEPOSITION OF:　　　　Representative of Dean Dairy Holdings, LLC

PLACE:　　　　　　　　Law Offices of Michael Timberlake, Esquire
　　　　　　　　　　　Siniard, Timberlake & League, P.C.
　　　　　　　　　　　125 Holmes Avenue
　　　　　　　　　　　Huntsville, AL 35801

DATE:　　　　　　　　TBD

TIME:　　　　　　　　TBD

　　　　　　　　　　　*/s/ Michael K. Timberlake*
　　　　　　　　　　　Michael K. Timberlake (TIM 003)

　　　　　　　　　　　*/s/ W. Heath Brooks*
　　　　　　　　　　　W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
P.O. Box 2767, Huntsville, Alabama 35804
Telephone: 256-536-0770　Facsimile: 256-539-0540
timber@law-injury.com　　heath.brooks@law-injury.com

DOCUMENT 11

### SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

DOCUMENT 12

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| CHARLENE F. DELORENZO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )   CV-2017-_____ |
| | ) |
| WAL-MART STORES, INC., | ) |
| DEAN FOODS COMPANY, INC., | ) |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) |
| PURITY DAIRIES, and DEAN | ) |
| TRANSPORTATION, INC., | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT DEAN TRANSPORTATION, INC.

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propounds the following interrogatories to Defendant Dean Transportation, Inc.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case. The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a) "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

(b) "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c) "Person" – Any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

(d)     "Date" -    The exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

(e)     "You" and "Your" - The party or parties to whom this request is propounded, his/her/their present or former agents, attorneys, representatives and other persons who have acted or purported to act on his/her/their behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

(f)     "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, periodicals, files, envelopes, photographs, tangible things, correspondence, communications, telegrams, cables, calendars (paper or electronic), appointment books, tables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, accident reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the Alabama Rules of Civil Procedure of any kind or character in your possession, custody or in control or known by you to exist.   Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the Plaintiff, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

(g)     "Identify"  -  (i) When used in reference to a natural person, means to provide that person's full name, last known home and business address, last known home, business and cellular telephone numbers, present employer and job title; (ii) When used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities; (iii) When used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy; (iv) When used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

DOCUMENT 12

## INTERROGATORIES

1.    State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.  (You do not need to identify anyone who simply typed or reproduced the responses.)
**ANSWER:**

2.     Is the Defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the Defendant in the complaint.
**ANSWER:**

3.    At the time of the incident, if there was in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident, for each policy state the name and address of the insurance company and the insured, along with the policy number and whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company, and if so, state the basis for any such dispute.
**ANSWER:**

4.    State the name, address, and telephone number of each individual that has information or knowledge that relates or in any way concerns the subject matter of this lawsuit.
**ANSWER:**

5.    If you or anyone acting on your behalf caused an investigation to be conducted at any time in connection with the subject matter of this action, please state for each such investigation:

    a.    the date of each investigation and the names of the persons conducting each such investigation;

    b.    where the investigation was made;

    c.    the names and capacities of all persons present or contacted at any time during the investigation;

    d.    whether any written notes or memoranda of any kind were made in connection with the investigation, as well as whether  a  report  of  the investigation was made;

    d.    If so, the date of each such report and the name of the person making each such report and whether same was oral or in writing; and

    f.    the present location of each such written report and the name and address of the person having custody of each written report.

**ANSWER:**

DOCUMENT 12

6.      If you or anyone acting on your behalf have consulted any experts concerning the facts of this case, for each expert, please state:

      a.      his/her name, address, occupation and capacity;

      b.      whether he/she furnished an oral or written report of his/her findings or opinions concerning the matters for which consultation was obtained;

      c.      whether you intend to call him/her as an expert witness at trial;

      d.      the substance of his/her findings or opinions respecting this action;

      e.      the name, date, publisher and author of any scientific technical or professional text, treatise, journal, or similar publication upon which such expert relied to form his/her findings or opinions.

**ANSWER:**

7.      If you or anyone acting on your behalf have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

      a.      the substance of the admission or declaration and the time and place when such admission or declaration was made;

      b.      the names and addresses of all persons in whose presence such admission or declaration was made.

**ANSWER:**

8.      Do you contend that any other person, business entity, or government entity is responsible in any way for Plaintiff's injuries?  By answering in the affirmative or negative, you are not admitting liability.  The Plaintiff is only interested in learning whether you contend that some other person or entity may be in whole or in part responsible for Plaintiff's injuries.
**ANSWER:**

9.      If your answer to the preceding interrogatory is in the affirmative, please state the facts on which you rely in making this contention, as well as:

      a.      the names, addresses, and telephone number of all persons who have knowledge of the facts; and

      b.      identify all writings and other tangible things that support your contention and state the name, address and telephone number of the person who has each writing or thing.

**ANSWER:**

10.    Within the past five years, if the Defendant received or become aware of any claims resulting from injuries alleged to be suffered in slip and fall or trip and fall incidents at a store/business where this Defendant provides goods or performs services, please state:

      a.    the date of the alleged injury;

      b.    the date claim was received; and

      c.    name and address of alleged injured claimant and their attorney (if any).

**ANSWER:**

11.    Identify any written or oral contact, terms of service, or agreement in place at the time of incident made basis of this suit with the Wal-Mart located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, including the scope of work and/or identification of goods to be provided to Wal-Mart, and when you initially got the contact.

**ANSWER:**

12.     List the any rules, practices, and/or procedures relating to the policies standard of care and safety of retail store patrons while you or any employees or agents are present, providing goods, or performing any services for any contracted retail entity, including transporting, stocking, maintaining, and/or cleaning and what tools, machines, utensils, material, or various items are used to perform same.

**ANSWER:**

13.    Describe the standard practice and procedure when cleaning up any debris, liquid, or substance present on the floor during performance of any services for retail entities.

**ANSWER:**

14.    How often did you provide any goods and/or services to the Wal-Mart Store, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758?

**ANSWER:**

15.    At the time of Plaintiff's injury, if you contend that any person or entity other than you and your employees and agents was responsible for the stocking, clean-up, maintenance, and/or any other activity to be performed at the premises on which Plaintiff alleges she was injured, please state each and every fact on which you base your contention and identify each and every writing that supports the contention?

**ANSWER:**

16.    Identify with sufficient particularity to allow Plaintiff to frame a Notice to Produce all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the transporting, stocking, cleaning, and/or maintenance of the store where Plaintiff alleges she was injured.

**ANSWER:**

DOCUMENT 12

17.     If you agree that the Plaintiff fell in the customer walkway of the retail store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, on July 14, 2016, please state to the best of your information or belief how the incident occurred.  Please specify each condition or circumstance that contributed to the incident.
**ANSWER:**

18.     Do you contend that the Plaintiff caused or contributed to cause the injuries alleged in the complaint?  If so, state each and every fact that is relied upon in support of your contention and provide the names and addresses of any person with knowledge of such facts.
**ANSWER:**

19.     Do you have any photographs or videotapes taken of the area where Plaintiff was injured?  If so, please:

      a.     Identify the person taking the photographs or videotapes;

      b.     State the date upon which such photographs or videotapes were taken; and

      c.     Identify the person who has possession, custody and control of the photographs or videotapes.

**ANSWER:**

20.     Were any photographs or videotapes taken in the retail store at the time Plaintiff was injured, but not retained?  If so, please state:

      a.     Who (by name and position) viewed such photographs or videotapes

      b.     Who (by name and position) destroyed, eliminated or otherwise got rid or did away with such photographs or videotapes?

      c.     Who ordered such photographs or videotapes to be destroyed or not to be retained?

      d.     When were such photographs or videotape destroyed, eliminated or gotten rid of?

**ANSWER:**

21.     State specifically and in detail what the claim or contention of this Defendant will be regarding any cause or contributing cause of the accident made the basis of this suit, including a statement in detail of the facts or information upon which this contention is based.
**ANSWER:**

22.     Describe what efforts the Defendant made to warn of the condition or defect which the Plaintiff alleges to be the location and cause of the occurrence in question.

23.    What is this Defendant's contention as to the Plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the Plaintiff alleges to be the cause of the occurrence in question?
**ANSWER:**

24.    What efforts were made by the Defendant to correct the condition or defect (which the Plaintiff contends caused the occurrence in question) before and after the accident in question?
**ANSWER:**

25.    State fully all the efforts you made prior to Plaintiff's accident to learn about the general hazards of people slipping/tripping/falling and what you did to try to prevent accidents similar to Plaintiff's.
**ANSWER:**

25.    State whether the Defendant or any of its employees or agents received or had knowledge or notice -- as a result of any warning, complaint, notification, or other circumstance -- prior to Plaintiff's fall on July 14, 2016, that the area where Plaintiff fell was wet, slick, slippery, or otherwise unsafe.  If so, for each event providing knowledge or notice, please describe, in detail, the time, circumstances, and persons involved.
**ANSWER:**

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld or the basis of a privilege.*

/s/ Michael K. Timberlake
Michael K. Timberlake (TIM 003)

/s/ W. Heath Brooks
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
**Siniard, Timberlake & League, P.C.**
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

DOCUMENT 12

## SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

8

DOCUMENT 13

ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| CHARLENE F. DELORENZO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CV-2017-_____ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| DEAN FOODS COMPANY, INC., | ) | |
| DEAN DAIRY HOLDINGS, LLC, d/b/a | ) | |
| PURITY DAIRIES, and DEAN | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT DEAN TRANSPORTATION, INC.

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and pursuant to and in accordance with Rule 34 of the Alabama Rules of Civil Procedure, propounds the following requests for productions of documents to Defendant Dean Transportation, Inc. You are hereby requested to produce and identify the documents and other things described herein. Please produce copies or permit Plaintiff to inspect and copy each of the following documents:

1. Any and all incident or incident reports concerning the incident made the basis of this lawsuit which occurred on or about July 14, 2016, whether obtained by this Defendant or filed with any other corporation, agency, individual or insurance company.
**RESPONSE:**

2. Any and all incident reports concerning any incident or fall occurring on the premises of a retail entity stemming from services you performed, within the last five years prior to the incident made the basis of this suit.
**RESPONSE:**

3. Any and all photographs taken of the area wherein the incident in this case occurred.
**RESPONSE:**

4. Any and all statements taken from any witnesses to any aspect of the Plaintiff's fall or from any witnesses to the incident, whether tape-recorded, typed, or handwritten.
**RESPONSE:**

DOCUMENT 13

5.      Any and all letters or reprimand or other disciplinary documents issued to any individual as a result of the aforesaid incident.
**RESPONSE:**

6.      Any and all notes, memoranda, letters, correspondence, reports, calendar entries, receipts, cancelled checks, files, and any other documents which in any way pertain to the incident which is the basis of this litigation, provide evidence as to facts or will be used to refresh the recollections of or impeach any witness.
**RESPONSE:**

7.      The curriculum vitae and written opinions of any expert any Defendant expects to call as a witness in this case.
**RESPONSE:**

8.      All documents reviewed by any individual who has been consulted or is expected to testify as an expert witness at trial on your behalf.
**RESPONSE:**

9.      Any and all photographs, moving pictures, videotapes, or any other diagram or illustration the Defendant expects to use as evidence, impeachment, or rebuttal at trial of this case.
**RESPONSE:**

10.      Any and all photographs, moving pictures, or videotapes of the Plaintiff taken at any time.
**RESPONSE:**

11.      Any and all written complaints received by any party, person or entity in any way related to the Defendant concerning a fall, near fall, trip, slippage, or sliding occurring on the premises of a retail entity stemming from services you performed, within the last three years prior to the incident made the basis of this suit.
**RESPONSE:**

12.      Any and all statements from any non-party witness whether written, recorded, or transcribed.
**RESPONSE:**

13.      Any and all documents referenced in either the Plaintiff's interrogatories, or your answers thereto.
**RESPONSE:**

14.      A copy of any Risk Management/Safety manual (or similar document) that was in effect in July 2016.
**RESPONSE:**

15.     A copy of any Employee Handbook (or similar document) that was in effect in July 2016.
**RESPONSE:**

16.     A copy of all Customer Safety material in effect in July 2016.
**RESPONSE:**

17.     A copy of all training materials, if any, that are utilized by Defendant regarding customers' slips, trips and falls occurring on the premises of a retail entity stemming from services you performed.  Include any and all written materials, slides, photographs, films, videotapes, or other instructional materials/media which Defendant utilizes in training its employees.
**RESPONSE:**

18.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the incident made the basis of Plaintiff's claim.
**RESPONSE:**

19.     Any and all documents and/or correspondence provided to or received from any person or entity, that concern or in any way relate to the incident made the basis of Plaintiff's claim (other than privileged documents to/from your attorney).
**RESPONSE:**

20.     Any and all contracts or agreements between Wal-Mart Stores, Inc, in effect on July 14, 2016, that concern or relate to transportation or stocking of goods, maintenance, cleaning, repair, or upkeep of the store located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758. Specifically, please produce any and all documents that concern or in any way relate to the maintenance of the floors and/or customer walkways.
**RESPONSE:**

21.     Any and all letters of reprimand or documents related to disciplinary action issued to any individual as a result of the incident made the basis of Plaintiff's claim.
**RESPONSE:**

22.     Any and all correspondence between Wal-Mart Stores, Inc., Dean Foods Company, Inc., and/or Dean Dairy Holdings, LLC d/b/a Purity Dairies, its employees, agents, or representatives and any other person or entity that concerns or relates to the allegations made in Plaintiff's complaint.
**RESPONSE:**

23.     All written, recorded and/or signed statement of any person, witness, investigator, agent, representative or employee of the parties, concerning the subject matter of this action.
**RESPONSE:**

24.     All documents which afforded liability insurance or self-insured status for the incident which is the subject matter of Plaintiff's Complaint.

DOCUMENT 13

**RESPONSE:**

25. Any documents prepared during the regular course or business as a result of the incident complained of in Plaintiff's Complaint.
**RESPONSE:**

26. Copies of any treatises, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.
**RESPONSE:**

27. All documents, policies, memorandum and correspondence regarding this Defendant's policy regarding documentation that is required when an incident has been reported.
**RESPONSE:**

28. All documents, memoranda, notes, directives and/or telephone messages between the Plaintiff and any employee, agent and/or representative of this Defendant.
**RESPONSE:**

29. Any documents or list, including names, addresses and phone numbers, of any independent contractor(s) (full or part-time) who was involved in the transportation or stocking of goods, cleaning, and/or maintenance of the location made the subject of Plaintiff's Complaint.
**RESPONSE:**

30. Any and all documents relating to any cause or circumstance this Defendant contends may have contributed to the occurrence.
**RESPONSE:**

31. Any and all reports made as a result of any inspections, examinations or investigations by any person acting on behalf of any party as a result of the occurrence complained of in Plaintiff's Complaint.
**RESPONSE:**

32. Any and all documents identified, sought or referred to in this Defendant's answers to Plaintiff's or any other party's interrogatories.
**RESPONSE:**

33. A copy of any surveillance movies or photographs which have been made of the Plaintiff.
**RESPONSE:**

34. Any written warnings (of any type or style) posted or placed in the area where Plaintiff fell, on the date in question.
**RESPONSE:**

35.     All documents or tangible evidence which you claim supports your contention that Plaintiff or any other party was negligent or otherwise caused or contributed to the damages sustained by Plaintiff.
**RESPONSE:**

36.     All documents that constitute, relate or refer to an investigation of or any inquiry into the incident giving rise to the claims stated in Plaintiff's claims
**RESPONSE:**

37.     All documents that constitute, relate or refer to an investigation of the Plaintiff.
**RESPONSE:**

Production may be made at a time and place mutually convenient to the attorneys for the respective parties and compliance may be made by providing the requested documents to counsel for the Plaintiff with the counsel for Plaintiff being responsible for the expense of such copying.

/s/ Michael K. Timberlake
Michael K. Timberlake (TIM 003)

/s/ W. Heath Brooks
W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
**Siniard, Timberlake & League, P.C.**
125 Holmes Avenue
P.O. Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
timber@law-injury.com
heath.brooks@law-injury.com

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

DOCUMENT 14


ELECTRONICALLY FILED
9/12/2017 12:02 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO,               )
                                     )
    *Plaintiff,*                   )
                                     )
v.                                   )     CV-2017- _____
                                     )
WAL-MART STORES, INC., *et al,*      )
                                     )
    *Defendants.*                  )

---

### PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT DEAN TRANSPORTATION, INC. PURSUANT TO RULE 30(b)(5) and (6)

---

PLEASE TAKE NOTICE that at _____ a.m./p.m. on _____, _____, at the office of Siniard, Timberlake & League, P.C., in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure, Plaintiff will take the deposition of the individual employed by Dean Transportation, Inc., who has the most knowledge of Plaintiff's fall on July 14, 2016, including, but not limited to, the person with knowledge regarding the employees of Dean Transportation, Inc., that were present on the Wal-Mart premises, located at 8650 Madison Boulevard, Madison, Madison County, Alabama 35758, the day Plaintiff fell, to wit, July 14, 2016.

DEPOSITION OF:        Representative of Dean Transportation, Inc.

PLACE:                 Law Offices of Michael Timberlake, Esquire
                          Siniard, Timberlake & League, P.C.
                          125 Holmes Avenue
                          Huntsville, AL 35801

DATE:                 TBD

TIME:                 TBD

                                */s/ Michael K. Timberlake*
                                Michael K. Timberlake (TIM 003)

                                */s/ W. Heath Brooks*
                                W. Heath Brooks (BRO 249)

Attorneys for the Plaintiff
***Siniard, Timberlake & League, P.C.***
P.O. Box 2767, Huntsville, Alabama 35804
Telephone: 256-536-0770   Facsimile: 256-539-0540
timber@law-injury.com        heath.brooks@law-injury.com

DOCUMENT 14

**<u>SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS</u>:**

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, AL 36104

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

2



AlaFile E-Notice

47-CV-2017-901555.00

To: MICHAEL KENAN TIMBERLAKE
timber@law-injury.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following complaint was FILED on 9/12/2017 12:03:05 PM

Notice Date:     9/12/2017 12:03:05 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

To:  WAL-MART STORES, INC.
     8650 MADISON BOULEVARD
     MADISON, AL, 35758

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following complaint was FILED on 9/12/2017 12:03:05 PM

Notice Date:     9/12/2017 12:03:05 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

To:  DEAN FOODS COMPANY, INC.
     200 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following complaint was FILED on 9/12/2017 12:03:05 PM

Notice Date:     9/12/2017 12:03:05 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

To:  DEAN DAIRY HOLDINGS, LLC DBA PURITY DAIRIES
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following complaint was FILED on 9/12/2017 12:03:05 PM

Notice Date:     9/12/2017 12:03:05 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

To:  DEAN TRANSPORTATION, INC.
     2 NORTH JACKSON STREET
     SUITE 605
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following complaint was FILED on 9/12/2017 12:03:05 PM

Notice Date:     9/12/2017 12:03:05 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2017-901555.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL**

**NOTICE TO:** WAL-MART STORES, INC., 8650 MADISON BOULEVARD, MADISON, AL 35758
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
MICHAEL KENAN TIMBERLAKE
_____
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 125 HOLMES AVENUE, HUNTSVILLE, AL 35801
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLENE F. DELORENZO
pursuant to the Alabama Rules of the Civil Procedure.                                                      *[Name(s)]*

| 9/12/2017 12:03:05 PM | /s/ DEBRA KIZER | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ MICHAEL KENAN TIMBERLAKE
_____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                        *(Name of County)*

Alabama on _____.
*(Date)*

_____
*(Address of Server)*

_____          _____
*(Type of Process Server)*                      *(Server's Signature)*

_____          _____
                                         *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2017-901555.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL**

NOTICE TO: DEAN FOODS COMPANY, INC., 200 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL KENAN TIMBERLAKE
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 125 HOLMES AVENUE, HUNTSVILLE, AL 35801
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLENE F. DELORENZO
pursuant to the Alabama Rules of the Civil Procedure.                                    *(Name(s))*

| 9/12/2017 12:03:05 PM | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ MICHAEL KENAN TIMBERLAKE
                                               *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
                                                              *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*              *(Name of County)*

Alabama on _____.
              *(Date)*

_____          _____
                                       *(Address of Server)*

_____          _____
*(Type of Process Server)*     *(Server's Signature)*

                               _____          _____
                               *(Server's Printed Name)*              *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2017-901555.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL

**NOTICE TO:** DEAN DAIRY HOLDINGS, LLC DBA PURITY DAIRIES, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
MICHAEL KENAN TIMBERLAKE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 125 HOLMES AVENUE, HUNTSVILLE, AL 35801

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLENE F. DELORENZO

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 9/12/2017 12:03:05 PM | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ MICHAEL KENAN TIMBERLAKE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____

*(Date)*

_____

*(Address of Server)*

_____        _____

*(Type of Process Server)*        *(Server's Signature)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2017-901555.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL**

NOTICE TO: DEAN TRANSPORTATION, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
MICHAEL KENAN TIMBERLAKE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 125 HOLMES AVENUE, HUNTSVILLE, AL 35801

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHARLENE F. DELORENZO
pursuant to the Alabama Rules of the Civil Procedure.

| 9/12/2017 12:03:05 PM | /s/ DEBRA KIZER | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ MICHAEL KENAN TIMBERLAKE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*           *(Name of County)*

Alabama on _____.
*(Date)*

_____                   _____
*(Type of Process Server)*                        *(Address of Server)*

_____     _____
*(Server's Signature)*

_____     _____
*(Server's Printed Name)*          *(Phone Number of Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wal-Mart Stores, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

9590 9402 3204 7166 9777 12

2. Article Number (Transfer from service label)

7017 1070 0001 0445 5121

PS Form 3811, July 2016 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Laura McHann_

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
9/5/17


FILED IN OFFICE
SEP 21 2017
DEBRA KIZER
Clerk, Circuit Court Madison Co., AL

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9204 7166 9777 12

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Madison County Circuit Court Clerk

100 Northside Square

Huntsville, AL 35801-4800

DeLorenzo Complaint 47-CV-17-901555



AlaFile E-Notice

47-CV-2017-901555.00

Judge: DONNA S. PATE

To:  TIMBERLAKE MICHAEL KENAN
     timber@law-injury.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was served on 9/15/2017

**D001 WAL-MART STORES, INC.**

**Corresponding To**

CERTIFIED MAIL

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

Judge: DONNA S. PATE

To: BROOKS WILLIAM HEATH
Heath.Brooks@Law-Injury.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was served on 9/15/2017

**D001 WAL-MART STORES, INC.**

**Corresponding To**

CERTIFIED MAIL

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 19

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Dairy Holdings, LLC
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104



9590 9402 3204 7166 9777 29

2. Article Number *(Transfer from service label)*

7017 1070 0001 0445 5107

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
x Laura McHaney
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☒ No

FILED IN OFFICE

SEP 21 2017

DEBRA KIZER
Clerk, Circuit Court Madison Co., AL.

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3204 7166 9777 29

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Madison County Circuit Court Clerk

100 Northside Square

Huntsville, AL 35801-4800

DeLorenzo Complaint 47-CV-17-901555



AlaFile E-Notice

47-CV-2017-901555.00

Judge: DONNA S. PATE

To:  TIMBERLAKE MICHAEL KENAN
     timber@law-injury.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was served on 9/15/2017

**D003 DEAN DAIRY HOLDINGS, LLC DBA PURITY DAIRIES**

**Corresponding To**

CERTIFIED MAIL

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

Judge: DONNA S. PATE

To:  BROOKS WILLIAM HEATH
     Heath.Brooks@Law-Injury.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was served on 9/15/2017

**D003 DEAN DAIRY HOLDINGS, LLC DBA PURITY DAIRIES**

**Corresponding To**

CERTIFIED MAIL

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 2

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean Transportation, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama



9590 9402 3204 7166 9777 36

2. Article Number *(Transfer from service label)*

7017 1070 0001 0445 5114

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Laura McHan_
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☑ No

FILED IN OFFICE

SEP 21 2017

DEBRA KIZER
Clerk, Circuit Court Madison Co., AL

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



USPS TRACKING #

MONTGOMERY



PM 2 L

9590 9402 3204 7166 9777 36

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box®

Madison County Circuit Court Clerk

100 Northside Square

Huntsville, AL 35801-4800

DeLorenzo Complaint 47-CV-17-901655



AlaFile E-Notice

47-CV-2017-901555.00

Judge: DONNA S. PATE

To:   TIMBERLAKE MICHAEL KENAN
       timber@law-injury.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was served on 9/15/2017

**D004 DEAN TRANSPORTATION, INC.**

**Corresponding To**

CERTIFIED MAIL

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

Judge: DONNA S. PATE

To: BROOKS WILLIAM HEATH
Heath.Brooks@Law-Injury.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was served on 9/15/2017

**D004 DEAN TRANSPORTATION, INC.**

**Corresponding To**

CERTIFIED MAIL

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

To:   GLENN EDWIN IRELAND
      cireland@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following answer was FILED on 10/16/2017 3:43:50 PM

Notice Date:      10/16/2017 3:43:50 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DOCUMENT 23



ELECTRONICALLY FILED
10/16/2017 3:43 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| CHARLENE F. DELORENZO, )<br><br>   Plaintiff(s), )<br><br>vs. )<br><br>WAL-MART STORES, INC., )<br>DEAN FOODS COMPANY, INC., )<br>DEAN DAIRY HOLDINGS, LLC, d/b/a )<br>PURITY DAIRIES, and DEAN )<br>TRANSPORTATION, INC., )<br><br>   Defendant(s). ) | CIVIL ACTION NO.: 47-CV-2017-901555 |

---

### ANSWER OF DEFENDANT
### DEAN TRANSPORTATION, INC.

---

COMES NOW Defendant, Dean Transportation, Inc., ("DTI" or "Defendant") and for Answer to Plaintiff's Complaint, states as follows:

For response to the specifically enumerated paragraphs in Plaintiff's Complaint, DTI states as follows:

1.  Defendant admits that Plaintiff is a resident and citizen of Madison County, Alabama. Defendant avers that Plaintiff is domiciled in the State of Alabama and intends to reside and remain in the State of Alabama and is, therefore, a citizen of the State of Alabama.

2.  There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

3.  There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

4.  Defendant denies the material allegations in this paragraph and demands strict proof thereof.

5.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

6.      Defendant denies the material allegations in this paragraph and demands strict proof thereof.

7.      Defendant admits that it is a foreign corporation formed under the laws of the State of Delaware with its headquarters and principal place of business in the State of Texas.

8.      Admitted.

9.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

10.     Defendant admits that venue is proper in Madison County, Alabama. Defendant denies that the incident occurred as alleged in Plaintiff's Complaint and denies that DTI is liable to Plaintiff in any amount.

## COUNT ONE
## WAL-MART NEGLIGENCE

11.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

12.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

13.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

14.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT TWO
## WAL-MART - WANTON CONDUCT

15.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

16.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

17.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

18.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

19.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

20.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

**COUNT THREE**
**DEAN FOODS – NEGLIGENCE**

21.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

22.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

23.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

24.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

25.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

DOCUMENT 23

## COUNT FOUR
## DEAN FOODS - WANTON CONDUCT

26.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

27.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

28.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

29.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

30.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

31.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. Defendant denies that Dean Foods, Inc., was a vendor or supplier to the subject Wal-Mart as alleged in Plaintiff's Complaint. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

## COUNT FIVE
## PURITY DAIRIES - NEGLIGENCE

32.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

33.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

34.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

35.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

36.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

**COUNT SIX**
**PURITY DAIRIES – WANTON CONDUCT**

37.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

38.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

39.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

40.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

41.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

42.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

## COUNT SEVEN
### DEAN TRANSPORTATION – NEGLIGENCE

43.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

44.     Defendant admits it was a vendor/supplier to Wal-Mart and that it had a duty to exercise reasonable care in the performance of its duties and responsibilities. The remaining material allegations in this paragraph are denied, and Defendant demands strict proof thereof.

45.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

46.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

47.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

48.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

## COUNT EIGHT
### DEAN TRANSPORTATION - WANTON CONDUCT

49.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

50.     Defendant admits it was a vendor/supplier to Wal-Mart and that it had a duty to exercise reasonable care in the performance of its duties and responsibilities. The remaining material allegations in this paragraph are denied, and Defendant demands strict proof thereof.

51.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

52.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

53.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

54.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

55.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

## COUNT NINE
## FICTITIOUS DEFENDANTS

56.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

57.     Defendant denies all material allegations made against it in this paragraph and demands strict proof thereof.

58.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## FIRST DEFENSE

Defendant denies the material allegations in the Complaint and demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### THIRD DEFENSE

Defendant avers Plaintiff is not the proper party to prosecute this action.

### FOURTH DEFENSE

Defendant avers Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

### FIFTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, equitable, estoppel, collateral estoppel and/or judicial estoppel.

### SIXTH DEFENSE

Any damages suffered by Plaintiff were proximately caused by the acts or omissions of a third party over whom DTI has/had no control.

### SEVENTH DEFENSE

Defendant pleads the failure of Plaintiff to mitigate her alleged damages.

### EIGHTH DEFENSE

Defendant avers lack of notice of the condition referenced in Plaintiff's Complaint.

### NINTH DEFENSE

Defendant avers Plaintiff lacks standing and/or capacity to prosecute this action.

### TENTH DEFENSE

Defendant pleads the damages alleged by Plaintiff in her Complaint are not allowed under applicable law.

### ELEVENTH DEFENSE

There is improper/insufficiency of service of process.

### TWELFTH DEFENSE

Plaintiff's claimed injures, to the extent any were incurred, were caused by the actions or inactions of a third-party wholly unrelated to DTI's business and/or were due to Plaintiff's own negligent conduct.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

## FOURTEENTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## FIFTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

### EIGHTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

### NINETEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTIETH DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FIRST DEFENSE

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SECOND DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-THIRD DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an

excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-FIFTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to

equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama

Constitution, became, among other reasons, criminal defendants are placed in a position of a

distinct advantage over civil defendants of comparable culpability due to the disparity in punitive

treatment for similar conduct and because the absence of sufficiently objective and specific

standards for the imposition of punitive damages fails to ensure equality of treatment between

and among similarly situated defendants.

### TWENTY-SEVENTH DEFENSE

Defendant pleads that Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY-EIGHTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to

this action.

### TWENTY-NINTH DEFENSE

Defendant denies that it was guilty of any wantonness, willfulness, or other conduct that

proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

### THIRTIETH DEFENSE

Plaintiff's claims against DTI are barred by the applicable statutes of limitations.

### THIRTY-FIRST DEFENSE

Plaintiff's claims against DTI are barred for failure to comply with Alabama Rule of Civil

Procedure 9.

Respectfully submitted this the 16th day of October, 2017.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
Attorneys for Defendant,
Dean Transportation, Inc.

**OF COUNSEL**:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
          vgambacurta@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

_____  Facsimile transmission;
_____  Hand Delivery;
_____  Placing a copy of same in the United States Mail, properly
        addressed and first class postage prepaid to; and/or
  XX   Using the Alafile or CM/ECF system which will send notifications
        of such to the following:

Michael K. Timberlake, Esq.
W. Heath Brooks, Esq.
Siniard, Timberlake & League, P.C.
125 Holmes Avenue
P. O. Box 2767
Huntsville, Alabama  35804
timber@law-injury.com
heath.brook@law-injury.com

Wal-Mart Stores, Inc.
c/o CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, Alabama 36104

                              /s/ Glenn E. Ireland_____
                              OF COUNSEL



AlaFile E-Notice

47-CV-2017-901555.00

To:  GLENN EDWIN IRELAND
     cireland@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following answer was FILED on 10/16/2017 3:43:50 PM

Notice Date:     10/16/2017 3:43:50 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2017-901555.00

To:   GLENN EDWIN IRELAND
      cireland@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following answer was FILED on 10/16/2017 3:45:11 PM

Notice Date:      10/16/2017 3:45:11 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

ELECTRONICALLY FILED
10/16/2017 3:45 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| CHARLENE F. DELORENZO, )<br><br>   Plaintiff(s), )<br><br>vs. )<br><br>WAL-MART STORES, INC., )<br>DEAN FOODS COMPANY, INC., )<br>DEAN DAIRY HOLDINGS, LLC, d/b/a )<br>PURITY DAIRIES, and DEAN )<br>TRANSPORTATION, INC., )<br><br>   Defendant(s). ) | CIVIL ACTION NO.: 47-CV-2017-901555 |

---

### ANSWER OF DEFENDANT
### DEAN DAIRY HOLDINGS, LLC

---

COMES NOW Defendant, Dean Dairy Holdings, LLC ("Dean Dairy" or "Defendant"), and for Answer to Plaintiff's Complaint, states as follows:

For response to the specifically enumerated paragraphs in Plaintiff's Complaint, Defendant states as follows:

1.      Admitted, upon information and belief. Defendant avers that Plaintiff is domiciled and intends to reside in the State of Alabama and is, therefore, a citizen of the State of Alabama.

2.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

3.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

4.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

5.      Defendant admits it is a Delaware limited liability company conducting business as Purity Dairies. Defendant avers that its sole member is Dean Holding Company, which is a corporation formed under the laws of the State of Wisconsin, with its headquarters and principal place of business in the State of Texas. Defendant admits it may be served *via* CT Corporation.

6.      Defendant denies the material allegations in this paragraph and demands strict proof thereof.

7.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

8.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

9.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

10.      Defendant avers that venue is proper in Madison County, Alabama. Defendant denies that the incident occurred as alleged in Plaintiff's Complaint and denies it is liable to Plaintiff in any amount.

### COUNT ONE
### WAL-MART NEGLIGENCE

11.      Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

12.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

13.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

14.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT TWO
## WAL-MART - WANTON CONDUCT

15.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

16.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

17.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

18.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

19.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

20.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT THREE
## DEAN FOODS – NEGLIGENCE

21.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

22.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

23.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

24.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

25.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT FOUR
## DEAN FOODS - WANTON CONDUCT

26.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

27.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

28.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

29.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

30.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

31.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT FIVE
## PURITY DAIRIES - NEGLIGENCE

32.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

33.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

34.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

35.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

36.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

## COUNT SIX
### PURITY DAIRIES – WANTON CONDUCT

37.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

38.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

39.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

40.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

41.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

42.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

## COUNT SEVEN
### DEAN TRANSPORTATION – NEGLIGENCE

43.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

44.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

45.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

46.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

47.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

48.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT EIGHT
## DEAN TRANSPORTATION - WANTON CONDUCT

49.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

50.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

51.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

52.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

53.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

54.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

55.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT NINE
## FICTITIOUS DEFENDANTS

56.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

57.     Defendant denies the material allegations made against it in this paragraph and demands strict proof thereof.

58.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

### FIRST DEFENSE

Defendant denies the material allegations in the Complaint and demands strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### THIRD DEFENSE

Defendant avers Plaintiff is not the proper party to prosecute this action.

### FOURTH DEFENSE

Defendant avers Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

### FIFTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, equitable, estoppel, collateral estoppel and/or judicial estoppel.

### SIXTH DEFENSE

Any damages suffered by Plaintiff were proximately caused by the acts or omissions of a third party over whom Dean Dairy has/had no control.

### SEVENTH DEFENSE

Defendant pleads the failure of Plaintiff to mitigate her alleged damages.

### EIGHTH DEFENSE

Defendant avers lack of notice of the condition referenced in Plaintiff's Complaint.

### NINTH DEFENSE

Defendant avers Plaintiff lacks standing and/or capacity to prosecute this action.

### TENTH DEFENSE

Defendant pleads the damages alleged by Plaintiff in her Complaint are not allowed under applicable law.

### ELEVENTH DEFENSE

There is improper/insufficiency of service of process.

### TWELFTH DEFENSE

Plaintiff's claimed injures, to the extent any were incurred, were caused by the actions or inactions of a third-party wholly unrelated to Dean Dairy's business and/or were due to Plaintiff's own negligent conduct.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

### FOURTEENTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

### FIFTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

**SIXTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

**SEVENTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

**EIGHTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

**NINETEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

**TWENTIETH DEFENSE**

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FIRST DEFENSE

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SECOND DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-THIRD DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### TWENTY-FIFTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to

determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

## TWENTY-SEVENTH DEFENSE

Defendant pleads that Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

## TWENTY-EIGHTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

## TWENTY-NINTH DEFENSE

Defendant denies that it was guilty of any wantonness, willfulness, or other conduct that proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

**THIRTIETH DEFENSE**

Plaintiff's claims against Dean Dairy are barred by the applicable statutes of limitations.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims against Dean Dairy are barred for failure to comply with Alabama Rule of Civil Procedure 9.

Respectfully submitted this the 16th day of October, 2017.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
Attorneys for Defendant,
Dean Dairy Holdings, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057
Email:  cireland@carrallison.com
            vgambacurta@carrallison.com

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on the 16th day of October, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_ Facsimile transmission;
    \_\_\_\_\_ Hand Delivery;
    \_\_\_\_\_ Placing a copy of same in the United States Mail, properly
       addressed and first class postage prepaid to; and/or
     <u>XX</u>  Using the Alafile or CM/ECF system which will send notifications
       of such to the following:

Michael K. Timberlake, Esq.
W. Heath Brooks, Esq.
Siniard, Timberlake & League, P.C.
125 Holmes Avenue
P. O. Box 2767
Huntsville, Alabama  35804
timber@law-injury.com
heath.brook@law-injury.com

Wal-Mart Stores, Inc.
c/o CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, Alabama 36104

        <u>/s/ Glenn E. Ireland</u>
        OF COUNSEL



AlaFile E-Notice

47-CV-2017-901555.00

To: VIRGINIA FLOWERS GAMBACURTA
vgambacurta@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following answer was FILED on 10/16/2017 5:15:05 PM

Notice Date:     10/16/2017 5:15:05 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390


ELECTRONICALLY FILED
10/16/2017 5:14 PM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO,    )
                             )
    Plaintiff(s),           )
                             )
vs.                     )    CIVIL ACTION NO.: 47-CV-2017-901555
                             )
WAL-MART STORES, INC.,    )
DEAN FOODS COMPANY, INC.,    )
DEAN DAIRY HOLDINGS, LLC, d/b/a    )
PURITY DAIRIES, and DEAN    )
TRANSPORTATION, INC.,    )
                             )
    Defendant(s).         )

---

## ANSWER OF DEFENDANT
## WAL-MART STORES, INC.

---

COMES NOW Defendant, Wal-Mart Stores East, L.P., improperly identified in Plaintiff's Complaint at "Wal-Mart Stores, Inc." (hereinafter "Wal-Mart" or "Defendant"), and for Answer to Plaintiff's Complaint, states as follows:

For response to the specifically enumerated paragraphs in Plaintiff's Complaint, Defendant states as follows:

1.    Admitted, upon information and belief. Defendant avers that Plaintiff is domiciled and intends to reside in the State of Alabama and is, therefore, a citizen of the State of Alabama.

2.    Wal-Mart Stores, Inc. is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in the State of Arkansas. Wal-Mart Stores, Inc. is the parent company and does not operate the Wal-Mart Store located at 8650 Madison Boulevard in Madison, Alabama. The Wal-Mart Store referenced in Plaintiff's Complaint is operated by Wal-Mart Stores East, L.P., which is a Delaware limited partnership organized under the laws of the State of Arkansas and authorized to do business in the State of Alabama.

3.    There are no material allegations made against Defendant in this paragraph;

therefore, no response is required.

4.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

5.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

6.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

7.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

8.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

9.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

10.     Defendant avers that venue is proper in Madison County, Alabama. Defendant denies that the incident occurred as alleged in Plaintiff's Complaint and denies it is liable to Plaintiff in any amount.

**COUNT ONE**
**WAL-MART NEGLIGENCE**

11.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

12.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

13.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

14.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

**COUNT TWO**
**WAL-MART - WANTON CONDUCT**

15.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

16.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

17.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

18.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

19.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

20.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

**COUNT THREE**
**DEAN FOODS – NEGLIGENCE**

21.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

22.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

23.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

24.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

25.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT FOUR
## DEAN FOODS - WANTON CONDUCT

26.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

27.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

28.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

29.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

30.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

31.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

## COUNT FIVE
## PURITY DAIRIES - NEGLIGENCE

32.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

33.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

34.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

35.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

36.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

**COUNT SIX**
**PURITY DAIRIES – WANTON CONDUCT**

37.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

38.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

39.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

40.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

41.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

42.     There ar e no  material al legations  made a gainst D efendant  in t his  paragraph; therefore, no response is required.

**COUNT SEVEN**
**DEAN TRANSPORTATION – NEGLIGENCE**

43.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

44.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

45.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

46.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

47.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

48.     There are no material allegations made against Defendant in this paragraph;

therefore, no response is required.

## COUNT EIGHT
## DEAN TRANSPORTATION - WANTON CONDUCT

49.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

50.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

51.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

52.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

53.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

54.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

55.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

## COUNT NINE
## FICTITIOUS DEFENDANTS

56.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

57.     Defendant denies the material allegations made against it in this paragraph and demands strict proof thereof.

58.     There ar e no  material al legations  made a gainst D efendant i n  this pa ragraph; therefore, no response is required.

## FIRST DEFENSE

Defendant denies the material allegations in the Complaint and demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

Defendant avers Plaintiff is not the proper party to prosecute this action.

## FOURTH DEFENSE

Defendant avers Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

## FIFTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, equitable, estoppel, collateral estoppel and/or judicial estoppel.

## SIXTH DEFENSE

Any damages suffered by Plaintiff were proximately caused by the acts or omissions of a third party over whom Dean Dairy has/had no control.

## SEVENTH DEFENSE

Defendant pleads the failure of Plaintiff to mitigate her alleged damages.

## EIGHTH DEFENSE

Defendant avers lack of notice of the condition referenced in Plaintiff's Complaint.

## NINTH DEFENSE

Defendant avers Plaintiff lacks standing and/or capacity to prosecute this action.

## TENTH DEFENSE

Defendant pleads the damages alleged by Plaintiff in her Complaint are not allowed under applicable law.

## ELEVENTH DEFENSE

There is improper/insufficiency of service of process.

## TWELFTH DEFENSE

Plaintiff's claimed injures, to the extent any were incurred, were caused by the actions or inactions of a third-party wholly unrelated to Wal-Mart's business and/or were due to Plaintiff's own negligent conduct.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata.*

## FOURTEENTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## FIFTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

### SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

### EIGHTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

### NINETEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTIETH DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**TWENTY-FIRST DEFENSE**

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**TWENTY-SECOND DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**TWENTY-THIRD DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

**TWENTY-FOURTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**TWENTY-FIFTH DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the

amount o f puni tive dam age aw ards; ( 2)  failing  to pr ovide s ufficiently obj ective and s pecific standards by w hich j uries m ay i mpose puni tive dam ages bas ed on t he c ulpability of al leged tortfeasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tortfeasors; (5) by failing to provide a s ufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal p rotection under  the l aw pr ovided i n A rticle I , S ections 1 , 6  an d 22 o f t he A labama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment  for s imilar c onduct and  bec ause t he abs ence o f  sufficiently obj ective and s pecific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

## TWENTY-SEVENTH DEFENSE

Defendant pleads that Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

## TWENTY-EIGHTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

## TWENTY-NINTH DEFENSE

Defendant denies that it was guilty of any wantonness, willfulness, or other conduct that proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

## THIRTIETH DEFENSE

Plaintiff's claims against Wal-Mart are barred by the applicable statutes of limitations.

## THIRTY-FIRST DEFENSE

Defendant asserts that to the extent there was a hazard, it was or should have been open and obvious to Plaintiff.

## THIRTY-SECOND DEFENSE

Plaintiff's claims against Wal-Mart are barred for failure to comply with Alabama Rule of Civil Procedure 9.

Respectfully submitted this the 16th day of October, 2017.

/s/ Virginia F. Gambacurta
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
Attorneys for Defendant,
Wal-Mart Stores, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
            vgambacurta@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Hand Delivery;
_____ Placing a copy of same in the United States Mail, properly
        addressed and first class postage prepaid to; and/or
__XX__ Using the Alafile or CM/ECF system which will send notifications
        of such to the following:

Michael K. Timberlake, Esq.
W. Heath Brooks, Esq.
Siniard, Timberlake & League, P.C.
125 Holmes Avenue
P. O. Box 2767
Huntsville, Alabama  35804
timber@law-injury.com
heath.brook@law-injury.com

                                        /s/ Virginia F. Gambacurta_____
                                        OF COUNSEL



**AlaFile E-Notice**

47-CV-2017-901555.00

Judge: DONNA S. PATE

To: GAMBACURTA VIRGINIA FLOWE
vgambacurta@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following matter was FILED on 10/17/2017 9:01:05 AM

Notice Date:     10/17/2017 9:01:05 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



ELECTRONICALLY FILED
10/17/2017 9:01 AM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| DELORENZO CHARLENE F., | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2017-901555.00 |
| | ) |
| WAL-MART STORES, INC., | ) |
| DEAN FOODS COMPANY, INC., | ) |
| DEAN DAIRY HOLDINGS, LLC DBA | ) |
| PURITY DAIRIES, | |
| DEAN TRANSPORTATION, INC. ET AL, | ) |
| Defendants. | ) |

## ORDER SETTING STATUS CONFERENCE

This case is set for status conference on January 11, 2018, at 9:00 a. m. in Courtroom 6, 8th Floor of the Madison County Courthouse.  The purpose of the conference is to determine whether the case is ready to be set for trial, and if so, which of the following dates is preferred by the parties:   February 5, 2018; March 26, 2018; April 16, 2018; May 14, 2018; June 25, 2018; August 27, 2018; October 15, 2018; November 5, 2018; December 10, 2018.

If counsel for the parties are in agreement on a trial date, they may advise the Court in advance of the status conference, and attendance will not be necessary.

**DONE this 17th day of October, 2017.**

**/s/ DONNA S. PATE**
**CIRCUIT JUDGE**



AlaFile E-Notice

47-CV-2017-901555.00

To: VIRGINIA FLOWERS GAMBACURTA
vgambacurta@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO V. WAL-MART STORES, INC. ET AL
47-CV-2017-901555.00

The following answer was FILED on 10/17/2017 10:25:07 AM

Notice Date: 10/17/2017 10:25:07 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



ELECTRONICALLY FILED
10/5/2017 10:24 AM
47-CV-2017-901555.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

CHARLENE F. DELORENZO,    )
              )
   Plaintiff(s),    )
              )
vs.    )   CIVIL ACTION NO.: 47-CV-2017-901555
              )
WAL-MART STORES, INC.,    )
DEAN FOODS COMPANY, INC.,    )
DEAN DAIRY HOLDINGS, LLC, d/b/a    )
PURITY DAIRIES, and DEAN    )
TRANSPORTATION, INC.,    )
              )
   Defendant(s).    )

---

## AMENDED ANSWER OF DEFENDANT
## DEAN TRANSPORTATION, INC.

---

COMES NOW Defendant, Dean Transportation, Inc., ("DTI" or "Defendant") and for Answer to Plaintiff's Complaint, states as follows:

For response to the specifically enumerated paragraphs in Plaintiff's Complaint, DTI states as follows:

1.    Defendant admits that Plaintiff is a resident and citizen of Madison County, Alabama. Defendant avers that Plaintiff is domiciled in the State of Alabama and intends to reside and remain in the State of Alabama and is, therefore, a citizen of the State of Alabama.

2.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

3.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

4.    Defendant denies the material allegations in this paragraph and demands strict proof thereof.

5.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

6.      Defendant denies the material allegations in this paragraph and demands strict proof thereof.

7.      Defendant admits that it is a foreign corporation formed under the laws of the State of Ohio with its headquarters and principal place of business in the State of Texas.

8.      Admitted.

9.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

10.      Defendant admits that venue is proper in Madison County, Alabama. Defendant denies that the incident occurred as alleged in Plaintiff's Complaint and denies that DTI is liable to Plaintiff in any amount.

## COUNT ONE
## WAL-MART NEGLIGENCE

11.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

12.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

13.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

14.      There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

## COUNT TWO
## WAL-MART - WANTON CONDUCT

15.      Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

16.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

17.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

18.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

19.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

20.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

**COUNT THREE**
**DEAN FOODS – NEGLIGENCE**

21.    Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

22.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

23.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

24.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

25.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

## COUNT FOUR
## DEAN FOODS - WANTON CONDUCT

26.    Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

27.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

28.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

29.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

30.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

31.    There are no material allegations made against Defendant in this paragraph; therefore, no response is required. Defendant denies that Dean Foods, Inc., was a vendor or supplier to the subject Wal-Mart as alleged in Plaintiff's Complaint. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

## COUNT FIVE
## PURITY DAIRIES - NEGLIGENCE

32.    Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

33.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

34.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

35.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

36.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

**COUNT SIX**
**PURITY DAIRIES – WANTON CONDUCT**

37.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

38.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

39.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

40.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

41.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

42.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required. To the extent any material allegations in this paragraph may be construed against DTI, said allegations are denied, and DTI demands strict proof thereof.

## COUNT SEVEN
## DEAN TRANSPORTATION – NEGLIGENCE

43.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

44.     Defendant admits it was a vendor/supplier to Wal-Mart and that it had a duty to exercise reasonable care in the performance of its duties and responsibilities. The remaining material allegations in this paragraph are denied, and Defendant demands strict proof thereof.

45.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

46.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

47.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

48.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

## COUNT EIGHT
## DEAN TRANSPORTATION - WANTON CONDUCT

49.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

50.     Defendant admits it was a vendor/supplier to Wal-Mart and that it had a duty to exercise reasonable care in the performance of its duties and responsibilities. The remaining material allegations in this paragraph are denied, and Defendant demands strict proof thereof.

51.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

52.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

53.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

54.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

55.     Defendant denies the material allegations in this paragraph and demands strict proof thereof.

**COUNT NINE**
**FICTITIOUS DEFENDANTS**

56.     Defendant realleges its responses to the preceding paragraphs as if fully set forth herein.

57.     Defendant denies all material allegations made against it in this paragraph and demands strict proof thereof.

58.     There are no material allegations made against Defendant in this paragraph; therefore, no response is required.

**<u>FIRST DEFENSE</u>**

Defendant denies the material allegations in the Complaint and demands strict proof thereof.

**<u>SECOND DEFENSE</u>**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### THIRD DEFENSE

Defendant avers Plaintiff is not the proper party to prosecute this action.

### FOURTH DEFENSE

Defendant avers Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

### FIFTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, equitable, estoppel, collateral estoppel and/or judicial estoppel.

### SIXTH DEFENSE

Any damages suffered by Plaintiff were proximately caused by the acts or omissions of a third party over whom DTI has/had no control.

### SEVENTH DEFENSE

Defendant pleads the failure of Plaintiff to mitigate her alleged damages.

### EIGHTH DEFENSE

Defendant avers lack of notice of the condition referenced in Plaintiff's Complaint.

### NINTH DEFENSE

Defendant avers that to the extent there was a hazard, it was or should have been open and obvious to Plaintiff.

### TENTH DEFENSE

Defendant avers Plaintiff lacks standing and/or capacity to prosecute this action.

### ELEVENTH DEFENSE

Defendant pleads the damages alleged by Plaintiff in her Complaint are not allowed under applicable law.

### TWELFTH DEFENSE

There is improper/insufficiency of service of process.

### THIRTEENTH DEFENSE

Plaintiff's claimed injures, to the extent any were incurred, were caused by the actions or inactions of a third-party wholly unrelated to DTI's business and/or were due to Plaintiff's own negligent conduct.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata.*

### FIFTEENTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

### SIXTEENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

### SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

**EIGHTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

**NINETEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

**TWENTIETH DEFENSE**

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

**TWENTY-FIRST DEFENSE**

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**TWENTY- SECOND DEFENSE**

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

**TWENTY- THIRD DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant

which are penal in nature by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY- FOURTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY- FIFTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### TWENTY- SIXTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive

damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY- SEVENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY- EIGHTH DEFENSE

Defendant pleads that Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY- NINTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### THIRTIETH DEFENSE

Defendant denies that it was guilty of any wantonness, willfulness, or other conduct that proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

### THIRTY-FIRST DEFENSE

Plaintiff's claims against DTI are barred by the applicable statutes of limitations.

### THIRTY-SECOND DEFENSE

Plaintiff's claims against DTI are barred for failure to comply with Alabama Rule of Civil Procedure 9.

Respectfully submitted this the 17th day of October, 2017.

/s/ Virginia F. Gambacurta
GLENN E. IRELAND (IRE002)
VIRGINIA F. GAMBACURTA (FLO033)
Attorneys for Defendant,
Dean Transportation, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
         vgambacurta@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Hand Delivery;
_____ Placing a copy of same in the United States Mail, properly
          addressed and first class postage prepaid to; and/or
  XX    Using the Alafile or CM/ECF system which will send notifications
          of such to the following:

Michael K. Timberlake, Esq.
W. Heath Brooks, Esq.
Siniard, Timberlake & League, P.C.
125 Holmes Avenue
P. O. Box 2767
Huntsville, Alabama  35804
timber@law-injury.com
heath.brook@law-injury.com

Dean Foods Company, Inc
c/o Fred S. Ball, Jr. & Richard A. Ball
200 S. Lawrence Street
Montgomery, Alabama 36104

/s/ Virginia F. Gambacurta
OF COUNSEL