FILED
2017 Dec-21 PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CHARLENE F. DELORENZO,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **WAL-MART STORES, INC., et al.,** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action Number <br> **5:17-cv-01762-AKK** |

## MEMORANDUM OPINION AND ORDER

Dean Foods Company, Inc.,[1] timely removed this slip-and-fall negligence case from the Circuit Court of Madison County, Alabama asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1 at 1. Following removal, the parties conducted a Rule 26(f) scheduling conference and made their initial disclosures. Shortly thereafter, Charlene Delorenzo moved for leave to amend her complaint in order to identify a non-diverse defendant, Jonathan Todd Kirk, whom she had initially named in her complaint as a fictitious defendant. Doc. 20 at 1–2. Dean Foods opposes the motion arguing that the proposed amendment would destroy diversity and require a remand. Accordingly, Dean Foods asks the court to deny the motion pursuant to 28 U.S.C. § 1447(e).

---

[1] While numerous Defendants are named in the complaint, for ease of reference, the court will refer to Dean Foods as the sole defendant in the case.

Delorenzo's motion is now fully briefed, *see* docs. 20; 22; and 23, and is due to be granted.

**I.     ANALYSIS**

Federal courts are directed to give the plaintiff leave to amend her pleading "when justice so requires," FED. R. CIV. P. 15(a)(2), but a district court retains the discretion to deny a proposed amendment that would destroy diversity jurisdiction. *See, e.g.*, *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) (collecting cases supporting the district court's power to deny plaintiff the right to amend if the amendment would destroy jurisdiction).

Ordinarily, § 1447(e) governs the joinder of non-diverse defendants in federal court.[2] Under § 1447(e), the court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). The choice between those options "is committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (explaining that a district court should "use its discretion in deciding whether to allow" the addition of a non-diverse party after removal).

---

[2] The statute provides "[i]f after removal [a] plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." § 1447(e).

In this instance, however, the parties disagree regarding whether § 1447(e) even applies to Delorenzo's motion. Instead, Delorenzo argues that, because her original complaint named and described various fictitious defendants pursuant to Rule 9(h) of the Alabama Rules of Civil Procedure, diversity jurisdiction never existed over her case. Therefore, her substitution of a named party for a previously unidentifiable fictitious defendant does not trigger § 1447(e) because she is not adding a new party to the action. Because the court finds that Delorenzo's motion is properly granted under § 1447(e), it is unnecessary to determine whether Delorenzo can substitute a named defendant for a fictitious one without applying the statute.

The court's § 1447(e) analysis is guided by consideration of the following factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether [the] plaintiff has been dilatory in asking for amendment," (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factor bearing on the equities." *Hensgens*, 833

F. 2d at 1182.[3] The court addresses these factors in sequential order, except for the second factor which is not in dispute.[4]

**A. Whether the Amendment is Intended to Defeat Federal Jurisdiction**

First, in analyzing the intent to defeat federal jurisdiction factor, district courts frequently look toward the strength of the case against the proposed defendant and whether, despite knowing about the proposed defendant previously, the plaintiff only sought to add that defendant after removal. *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002). Although the court is not in a position to weigh the strength of Delorenzo's claim against Kirk at this very early stage of the proceeding, Kirk does not appear to be peripheral to the action. The proposed amended complaint suggests that Kirk was the employee working in the area where Delorenzo's fall occurred, and it was allegedly Kirk's negligence which caused or directly contributed to her injuries. Docs. 20 at 2–3; 20-1 at 16–17, 19. This indicates Kirk sits squarely at the heart of this proceeding making it unlikely that Delorenzo seeks to add him solely to avoid a federal forum. *See Taylor v. Ala. CVS Pharm., L.L.C.*, No. 7:16-cv-1827, 2017 WL 3009695, at

---

[3] Although *Hensgens* was decided before the codification of § 1447(e), courts in this circuit still apply the analysis it outlined to decisions under the new statutory regime. *See, e.g.*, *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1334–1335 (S.D. Fla. 2011) (applying the *Hensgens* factors to determine whether to permit the joinder of a non-diverse defendant under § 1447(e)); *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000) (same).

[4] Dean Foods concedes that Delorenzo was not dilatory in seeking to amend her complaint to name Kirk as a defendant. *See* Doc. 22 at 5. Thus, this factor weighs in favor of Delorenzo.

*8 (N.D. Ala. July 14, 2007) (noting that the fact that the proposed non-diverse defendant was "central to the merits of the plaintiff's case" weighed in favor of joinder).

Moreover, Delorenzo did not immediately seek to join Kirk, the non-diverse defendant, after removal. *See Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011) (emphasizing that courts should be especially wary of motions to "join non-diverse defendants made immediately after the case is removed, and before discovery has commenced"). Instead, Delorenzo sought to amend her complaint after the parties made their initial disclosures. Doc. 22 at 4. This is consistent with Delorenzo's contention that she wanted to sue Kirk from the beginning, as evidenced by the fictitious defendants she designated in her state court complaint, but could not identify him as a proper defendant until after she received Dean Foods' initial disclosures. Doc. 20 at 2–3. Thus, the timing of her motion strongly suggests that Delorenzo seeks an amendment on the basis of new information obtained in discovery rather than to avoid federal court.

Dean Foods argues that, in light of Delorenzo's failure to provide a specific explanation as to why she seeks to add Kirk as a defendant, the court must presume Delorenzo's proposed amendment is solely intended to defeat federal jurisdiction. In the absence of any case law establishing that a court is to presume a plaintiff's

attempted joinder of a non-diverse defendant is motivated by a desire to defeat federal jurisdiction absent a contrary explanation, the court disagrees. The single case Dean Foods provides to support this proposition, *Jerido v. American General Life & Accident Insurance Co.*, 127 F. Supp. 2d 1322 (M.D. Ala. 2001), makes no reference to the existence of a presumption in this context. Instead, the court in *Jerido* found that an attempt to join a defendant "without identifying that person in any manner, and without making any allegations against that person" evinced a transparent attempt to destroy jurisdiction. *Id.* at 1325. Here, Delorenzo not only identifies Kirk as the individual tortfeasor involved in the case, doc. 20 at 2–3, but her amended complaint also specifically asserts a negligence claim against him. Doc. 20-1 at 16–17. As already discussed, Kirk appears to lie at the heart of Delorenzo's case as an alleged tortfeasor intimately connected with the chain of events purportedly causing Delorenzo's fall. Given this close connection, the court is convinced Delorenzo's amendment to add Kirk is motivated by her desire to fully litigate her claims rather than to frustrate federal jurisdiction.

**B. Whether the Plaintiff will be Significantly Injured**

The third factor, whether Delorenzo will be prejudiced if her proposed amendment is not allowed, is a much closer call. Dean Foods is correct to assert that Delorenzo has not demonstrated that she will prove unable to obtain full relief without Kirk's presence in the case. *See Sexton v. G & K Servs., Inc.,* 51 F. Supp.

2d 1311, 1314 (M.D. Ala. 1999) (noting the importance of determining whether full relief is possible absent the joinder of the additional defendant). Based on the proposed amended complaint, Delorenzo's claims against all the defendants, including Kirk, are largely duplicative. *See* Doc. 20-1 at 3–20. None of the corporate entities named as defendants are insolvent and Dean Foods concedes that Kirk was "acting within the line and scope of his employment on the date of the incident." Doc. 22 at 6.

Nonetheless, a denial of the proposed amendment would force DeLorenzo to litigate her claims against Kirk in a separate lawsuit in state court. Because these claims are duplicative of the ones she raises against the other defendants in the case, "the danger of parallel federal/state proceedings with the [accompanying risks] of inconsistent results and the waste of judicial resources," *Hensgens*, 833 F.2d at 1182, is directly implicated by a denial of the proposed amendment. Indeed, courts have repeatedly recognized that forcing the plaintiff to litigate in state court causes her "to bear additional costs and time and does not serve the purpose of judicial economy." *Osgood v. Disc. Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1356 (S. D. Fla. 2013); *see also Taylor*, 2017 WL 3009695, at *9 (explaining that unnecessarily litigating the "exact same factual and legal questions . . . [wastes] precious judicial resources and [increases] the cost of litigation for all parties"); *Ibis Villas*, 799 F. Supp. 2d at 1337 (recognizing the prejudice the

necessity of parallel proceedings potentially imposes on the plaintiff); *Sexton*, 51 F. Supp. 2d at 1314 (noting that forcing the plaintiff to litigate two lawsuits represents a burden). Given the substantial overlap between the various claims and Kirk's direct involvement in this action, the court finds that this factor weighs slightly in favor of Delorenzo.

**C. Whether the Equities Favor Allowing the Amendment**

Finally, with respect to the fourth factor, the overall balance of equities, the court recognizes Dean Food's strong interest in retaining a federal forum. *Hensgens*, 833 F.2d at 1182. Indeed, "[i]n balancing the equities, the parties do not start out on an equal footing . . . because . . . [g]iving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Sexton*, 51 F. Supp. 2d at 1313. Delorenzo's original complaint, however, provides specific information regarding her intent to sue the alleged individual tortfeasor by naming him as a fictitious party, in compliance with Alabama Rule of Civil Procedure 9(h). *See* Doc. 1-1 at 4 ("the individual . . . that created the dangerous condition present . . . [and/or] the individual . . . responsible for the [alleged slip-and-fall]"). This allegation is sufficient to make clear, as Rule 9(h) requires, that Delorenzo "'has a cause of action against some person or entity, but has been unable to ascertain . . . the name of that responsible person or entity.'" *Ex parte Nationwide Ins. Co.*, 991 So. 2d 1287, 1292 (Ala. 2008) (quoting *Columbia Eng'g*

*Int'l, Ltd. V. Espey*, 429 So. 2d 955, 959 (Ala. 1983)). Given this description, the defendants knew, or, at the very least, should have known, that at the time of removal this case was likely subject to remand. In light of this, plus the early stage of the proceedings where neither party has expended significant resources, and the court's evaluation of the other factors bearing on the propriety of allowing Delorenzo's amendment, the court cannot say that Dean Foods would suffer any significant harm from litigating in state court—a determination that Dean Foods fails to rebut.

## II. CONCLUSION AND ORDER

Ultimately, Dean Foods has not articulated any specific injury it would suffer if the court allowed Delorenzo's proposed amendment and remanded this action. Instead, Dean Foods points to three cases in which district courts rebuffed the plaintiffs' attempts to add a non-diverse defendant to a case after removal. However, these cases uniformly involve transparent attempts to defeat diversity jurisdiction. For example, in *Sexton*, the plaintiff admitted that he knew the identity of the defendant he sought to join prior to removal. *Sexton*, 51 F. Supp. 2d at 1313. Similarly, in *Osgood*, the plaintiff knew the first name of the defendant he sought to join on the day of the accident, and he even negotiated with the corporate defendant over joining the non-diverse defendant to the action in an attempt to prevent the removal of the case to federal court. *See Osgood*, 955 F. Supp. 2d at

1356.  In short, the cases relied on by Dean Foods turn on the dilatory nature of the proposed joinder and the failure of the plaintiff to diligently attempt to identify the non-diverse defendant at issue.  In this case, Delorenzo was not dilatory and there is no basis to conclude her proposed amendment represents an attempt to avoid trying this case in a federal forum.

Therefore, because the § 1447(e) factors uniformly favor allowing Kirk's joinder, Delorenzo's motion to amend, doc. 20, is **GRANTED**.  Because this determination deprives the court of subject-matter jurisdiction, it is therefore **ORDERED** that this case is **REMANDED** to the Circuit Court of Madison County, Alabama pursuant to 28 U.S.C. § 1447.  The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** the 21st day of December, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE